218 So.2d 525 (1969)
Cecil C. STEWART, Appellant,
v.
Harriette E. CARR, Appellee.
No. 68-314.
District Court of Appeal of Florida. Second District.
February 7, 1969.
Rehearing Denied February 27, 1969.
*526 H.M. Schwenke, of Berryhill, Avery & Law, Fort Lauderdale, for appellant.
Allan L. McPeak, of Hixon & McPeak, Naples, for appellee.
PIERCE, Judge.
This is an appeal by appellant Cecil C. Stewart, petitioner below, from a final judgment entered on May 3, 1968, by the Collier County Circuit Court summarily dismissing the cause with prejudice, which brings here also an antecedent order entered on September 19, 1967, by the Broward County Circuit Court transferring the cause from that county where he resided to Collier County where the defendant (former wife) resided.
Petitioner Stewart, the former husband, filed his petition in the Circuit Court for Broward County seeking (1) to establish a foreign decree of divorce, and (2) to modify certain provisions thereof. The decree had been rendered in West Virginia on November 9, 1959, and provided in part that the husband be permanently enjoined from changing the beneficiary of certain insurance and health policies of insurance carried by him, and death, disability, burial and retirement plans in which he was participating at the time the decree was entered; also that if the wife became incapacitated to the extent that she was unable to be self-supporting, then the husband would be required to pay a sum sufficient to support and maintain her. The petition alleged that the circumstances of the parties had changed since the West Virginia decree was entered, in that, among other things, the former wife had on February 13, 1966 married one Layton Thornton Carr, which marriage still continued.
The former Mrs. Stewart, now Mrs. Carr, filed her motion for change of venue to Collier County on the grounds that the cause of action did not accrue in Broward County; that there was no property in litigation located in Broward County; and that she was a resident of Collier County and elected to be sued in the county of her residence. She also filed a motion to dismiss, alleging that the husband was not paying separate support, maintenance or alimony and was therefore not within the contemplation of the modification statute, F.S. § 61.14 F.S.A.[1]; that paragraph 11 of the petition, relating to her support in the event she became unable to support herself, was not a justiciable controversy until such time as facts arose requiring petitioner to pay support, maintenance or alimony to her.
The Broward Court entered its order transferring the cause to Collier County. On May 3, 1968, the Collier County Circuit Court entered its order simply dismissing the cause with prejudice and assessing costs against the husband. RCP, rule 1.060(b), 30 F.S.A. Petitioner Stewart has appealed to this Court.
Stewart argues that F.S. § 61.14 F.S.A., clearly provides that this action can be brought in a county where either party resides, citing Norton v. Norton, 1938, 131 Fla. 219, 179 So. 414. Mrs. Carr contends that after the "determination of the Court's jurisdiction under § 61.14", the general venue statute, F.S. § 47.011 F.S.A., may be invoked.
The distinction between jurisdiction and venue has long been established and recognized in this State. "Venue" is the privilege to be accountable to a Court in a particular location, while "jurisdiction" is power of the court to act. The terms "venue" and "jurisdiction" may not be *527 used synonymously. Bambrick v. Bambrick, Fla.App. 1964, 165 So.2d 449. As said by this District Court in Williams v. Ferrentino, Fla.App. 1967, 199 So.2d 504, 510:
"Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns `the privilege of being accountable to a Court in a particular location'. Jurisdiction is `the power to act', the authority to adjudicate the subject matter. (Cases cited)".
Venue refers to the geographical area in which the defendant to a suit has generally the right to be sued. Deeb, Incorporated v. Board of Public Instruction, etc., Fla.App. 1967, 196 So.2d 22.
Florida, in common with other States, has a venue statute which determines and fixes, as a general rule, where or in what county civil suits shall be filed. Such venue statute in this State is F.S. § 47.011 F.S.A. (formerly § 46.01 F.S., until amended in minor particulars in 1967 and renumbered as F.S. § 47.011 F.S.A.) which inter alia reads as follows:
"Actions shall be brought only in the county * * * where defendant resides, or where the cause of action accrued, or where the property in litigation is located."
This venue statute controls all actions brought under the common law or under statutes not containing a specific provision respecting venue. Deeb, Incorporated v. Board of Public Instruction, supra; Mendez v. George Hunt, Inc., Fla. App. 1966, 191 So.2d 480. But it is not necessarily all-inclusive as to venue.
Such statute, prescribing venue generally as aforesaid, may be limited by other statutes providing civil relief under varying circumstances. City of St. Petersburg v. Earle, Fla.App. 1959, 109 So.2d 388; Paulet v. Hickey, Fla.App. 1968, 206 So.2d 29. Thus if a suit is brought under a specific State statute and that statute provides its own individual venue, then such specifically prescribed venue governs. In other words, where the legislature provides affirmatively that an action may be brought in a certain county or choice of counties, a Court may not impose its will as to venue in order to force the plaintiff to accept another forum. Touchton v. Atlantic Coast Line Railroad Company, Fla.App. 1963, 155 So.2d 738.
The statute under which the case sub judice was filed seeking modification of the West Virginia divorce decree is F.S. § 61.14 F.S.A., and inter alia is as follows:
"When a husband and wife * * * enter into an agreement for * * * support, maintenance or alimony, * * * or when a husband is required by court order to make any payments to his wife, and the circumstances of the parties or the financial ability of the husband has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, * * * reside at the date of the application * * * for a judgment decreasing or increasing the amount of support, maintenance or alimony, and the court has jurisdiction to make orders as equity requires with due regard to the changed circumstances and the financial ability of the husband * * *." (Emphasis supplied.)
From the italicized portion of the modification statute it will be observed that venue was specially fixed wherein petitions under that statute may be filed, namely (as pertinent to this case), in the Circuit Court of the circuit wherein either of the parties resided when the petition was filed. The sworn petition, as filed in the instant suit in the Broward County Circuit Court, alleges that "petitioner is a resident of Broward County, State of Florida". By the motions to dismiss and to abate and for change of venue from Broward County to Collier County filed by Mrs. Carr, such averment as to residence of petitioner was admitted.
*528 We therefore hold that F.S. § 61.14 F.S.A., the modification statute under which the instant proceeding was filed in Broward County, and which contains affirmative provisions with reference to venue, controls, and that the action was permissively instituted in that county, the residence of Stewart, he having the choice within the confines of the statute.
The cause is therefore reversed, with directions that the Collier County Circuit Court transfer the suit back to the Broward County Circuit Court for further proceedings therein. This disposition makes it inappropriate for us to determine the propriety of, or even comment upon, the action of the Collier County Circuit Court on the merits of the case, except to observe that upon such transfer such action of the Collier County Circuit Court will be without prejudice as to determinations by the Broward County Circuit Court in further proceedings on the merits.
Reversed with directions.
LILES, C.J., and MANN, J., concur.
NOTES
[1] The original modification statute, F.S. § 65.15 F.S.A. was amended by the legislature in 1967 and became effective on June 26, 1967, between the date the petition was filed in the Broward Court and the date of that Court's order of transfer. The amendment was without significance here. As so amended, the section was renumbered to be F.S. § 61.14 F.S.A. and will hereinafter be so referred to.