PEARSON, Judge
(dissenting).
It has been uniformly held by the courts of this state that in actions brought under statutes possessing their own special venue provisions, the question of venue will be governed by those special provisions to the exclusion of the general venue statutes. See Stewart v. Carr, Fla.App.1969, 218 So.2d 525.
The present action is one brought under the Florida Arbitration Code, Fla.Stat., Ch. 682, which possesses its own venue provision, Fla.Stat. § 682.19. This provision is different from Florida’s general venue statute as to corporations, Fla.Stat. § 47.-051, which statute appellee would have us hold is applicable here. Despite the general rule excluding the applicability of such general statutes, appellee contends that the use of the word “may” in Fla.Stat. § 682.-19 (“Any application under this law may be made . . . ”) instead of the use of the word “shall,” indicates that this provision was intended by the legislature to supplement and not replace the general venue statute in actions brought under Fla.Stat., Ch. 682. Appellee bases this belief on the meanings of the word “shall” as being mandatory in nature and the word “may” as being permissive in nature.
I would hold that appellee has not provided us with an adequate showing of facts, law or theory to overcome the general rule stated above. I agree with appellee that the word “shall” is mandatory in nature, but I heartily disagree that the word “may” is necessarily a word of permissiveness in all, or even most, instances where used by common law legislative bodies.
Under the general venue statute, Fla. Stat. § 47.051, actions against corporations are to be brought only in the county
*109 1.) where the defendant corporation’s office for customary business transactions is located,
2.) where the cause of action accrued, or
3.) where the property in litigation is located.
Under the Florida Arbitration Code, the venue provision therein (Fla.Stat. § 682.-19) provides that application may be made
1.) to the court of the county in which the other party resides or has a place of business, or
2.) to the court of any county if the other party has no residence or place of business in Florida.
In terms of appellee’s assertion that the two venue statutes (the general and the special) are both applicable here, I would hold that this cannot be so and could not have been the intention of the Florida legislature inasmuch as that body must be assumed to have realized that the first choice of venue as set out above under Fla.Stat. § 47.051 and the first choice of venue as set out above under Fla.Stat. § 682.19 are hardly compatible. If appellee wishes us to consider the venue options under the Florida Arbitration Code as merely appendages to the general venue statute for cases arising under Chapter 682 of the Florida Statutes, then he has failed, in my opinion, to provide us with any understanding of why Fla.Stat. § 682.19 does not adopt similar language to that found in Fla.Stat. § 47.051 or provide us any indications, other than the use of the word “may” (triggering appellee’s desired inferences) that the two statutes are to be read in para ma-teria for purposes of venue. In the only portions of the two venue statutes where there is an overlap of subject matter, the general venue statute speaks of “an office for transaction of customary business” while the special venue statute speaks of “place of business.” The word “may” in the context of its use in Fla.Stat. § 682.19 simply is not important enough to overcome this difference in language as well as the necessarily incident differences in meaning and interpretation arising out of the two statutes. I cannot see any way in which these statutes can be viewed as providing alternative options for purposes of choice of venue. I would reverse.