DANAHY, Judge.
The marriage of the parties to this appeal was dissolved by a final judgment entered in Clay County. Thereafter the ex-wife and her child became residents of Pinellas County, and the ex-husband became a resident of St. Johns County. These proceedings began when the ex-wife filed a petition in Pinellas County asking that the ex-husband’s arrearage in child support be reduced to judgment, that the ex-husband be ordered to pay medical expenses as required by the final judgment, and that the ex-wife be awarded attorneys’ fees and costs.
The trial judge dismissed the ex-wife’s petition on the grounds that the circuit court for Pinellas County did not have jurisdiction of the matter and that venue was improper. This appeal by the ex-wife followed. We reverse.
Section 61.17(1), Florida Statutes (1981), specifically states:
(1) An order of judgment for the payment of alimony or child support or either entered by any court of this state may be enforced by another chancery court in this state in the following manner:
(a) The person to whom such alimony or child support is payable or for whose benefit it is payable may procure a certified copy of the order or judgment and file it with a complaint for enforcement in the circuit court for the county in which the person resides or in the county where the person charged with the payment of the alimony or child support resides or is found.
If a suit is brought under a specific statute that provides its own individual venue, then such specifically prescribed venue governs over the general venue statute. Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969). Thus, if this proceeding is an effort to enforce the final judgment of dissolution of marriage between the parties, section 61.17(1) applies and specifically provides for venue in the county of the ex-wife’s current residence, which is Pinellas County. The ex-husband makes much of the fact that the ex-wife’s petition begins with the words “this is an action for damages in excess of $5,000,” and contends that the instant action is nothing more than an action for damages. We disagree. The ex-wife’s petition goes on to say that it is “to enforce a Final Judgment of Dissolution of Marriage which occurred in the Circuit Court of ... Clay County.” We believe that the action is to enforce the final judgment of dissolution of marriage and that section 61.17(1) controls. Thus the circuit court for Pinellas County has jurisdiction of this action and venue lies in that county.
We reverse the trial judge’s order dismissing the petition and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and RYDER, J., concur.