PER CURIAM.
This is an interlocutory appeal of an order entered by the Gulf County Circuit Court denying appellant’s motion to transfer venue. We reverse.
Appellee-former husband brought this action to establish a foreign divorce judgment and to modify certain provisions thereof relating to child visitation. The action was filed in Gulf County where ap-pellee resides. Appellant, the former wife, made a limited appearance and moved to transfer the case to Leon County where she is a resident.
The Gulf County Circuit Court denied the motion, finding that venue was controlled by Section 61.1308, Florida Statutes. This statute, part of Florida’s Uniform Child Custody Jurisdiction Act, grants jurisdiction to Florida courts over child custody matters where certain conditions have been met. However, Section 61.1308 makes no mention of venue and the present action does not fall under the special venue provisions of Section 61.14, Florida Statutes, relating to modification of support agreements. Therefore, venue must be controlled by Section 47.011, Florida Statutes, the general venue statute. See, McIntyre v. McIntyre, 352 So.2d 142 (Fla. 1st DCA 1977).
Under the general venue statute, “actions may be brought only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.” § 47.011, F.S. (1983). Here, there is no property in litigation and the cause of action accrued in Glynn County, Georgia, where the parties last resided with the intent to remain married. Carroll v. Carroll, 341 So.2d 771 (Fla.1977). Accordingly, proper venue lies only in the county of defendant’s residence which is Leon County. Radziwon v. Gutillo, 447 So.2d 452 (Fla. 4th DCA 1984).
The cause is therefore reversed and remanded with directions that the Gulf County Circuit Court enter an order transferring the case to the Leon County Circuit Court.
REVERSED and REMANDED.
ERVIN, C.J., and SMITH and NIM-MONS, JJ., concur.