PER CURIAM.
Appellant, the former wife, appeals from a non-final order granting appellee’s (former husband’s) motion to abate venue. We reverse.
Appellant filed a petition in Leon County, Florida, her place of residence, to establish a Georgia divorce decree as a Florida judg *890 ment, and to modify or increase the amount of child support, alleging a change in circumstances since the original foreign decree and stipulation were entered into in 1975. Finding that the husband was a resident of Gulf County, Florida, and relying upon Section 47.011, Florida Statutes, and an earlier opinion of this court involving the same parties in Carr v. Carr, 464 So.2d 221 (Fla. 1st D.C.A.1985) (Carr I), the trial court concluded that venue should be transferred from Leon to Gulf County. The lower court erroneously relied upon the wrong venue statute.
In Carr I, the husband brought an action to establish the foreign divorce decree and to modify certain provisions in that decree relating to child visitation. This court there observed that the general venue statute, Section 47.011, Florida Statutes, applies to an action to establish a foreign divorce judgment, and the special venue provision, Section 61.14, Florida Statutes, to a modification of a support agreement. Id., at 222. Upon determining that no modification of support was at issue in Carr I, this court held that section 47.011 applied, and that proper venue lay in the county of defendant’s (appellant herein) residence in Leon County. We conclude that the lower court’s reliance upon our earlier Carr opinion as justification for its decision to transfer venue to Gulf County was erroneous, in that the petition to modify the foreign judgment at bar is quite different from the petition at issue in Carr I, and thus, section 61.14,[1] not section 47.-011 controls the issue on appeal.
Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969), provides additional support for the conclusion reached. Stewart held that the special venue provision, section 61.14, applies to an action to establish a foreign decree and to modify that decree as it relates to support. We adopt the holding in Stewart and apply section 61.14 to the facts at bar.[2] Under section 61.14, as it pertains to modification of child support obligations, venue is proper where either of the two parties resides. Applying section 61.14 to the case at bar, we hold that venue is proper in Leon County, appellant’s place of residence and filing.
REVERSED.
BOOTH, C.J., and ERVIN and WENT-WORTH, JJ., concur.

. Section 61.14 states:
61.14 Modification of support, maintenance, or alimony agreements or judgments.—
(1) When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed or the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
(e.s.)

. We note that a party may modify a divorce decree pursuant to § 61.14, as it relates to support obligations, notwithstanding its foreign origin. Muss v. Muss, 390 So.2d 415 (Fla. 3d DCA 1980).