516 So.2d 11 (1987)
Elizabeth D. TORRES, Appellant,
v.
Wilfredo TORRES, Appellee.
No. 87-480.
District Court of Appeal of Florida, Fifth District.
November 5, 1987.
Rehearing Denied December 4, 1987.
Michael E. Hamlin, Winter Park, for appellant.
Jay Paul Cohen, of Dvorak & Cohen, P.A., Orlando, for appellee.
UPCHURCH, Chief Judge.
This is an appeal from a nonfinal order granting the husband's motion for change of venue.
The parties were divorced in 1982 in Sarasota County. The wife moved to Orlando in 1982 after the divorce. In 1984 she filed a petition in Sarasota County asking for an increase in child support. The husband filed an answer and counterpetition for modification. The court found that neither party had shown a substantial change in circumstances and denied the petition and counterpetition.
In January 1987, the wife filed a petition for modification in Orange County, seeking an increase in support. The husband filed a motion to dismiss or, in the alternative, to transfer the action to Sarasota County. After a hearing, the Orange County court granted the motion to transfer. The wife appeals this order.
Section 61.14, Florida Statutes (Supp. 1986), provides as follows:

*12 (1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
The courts have held that under this special venue provision, venue in a proceeding to modify child support is proper where either of the two parties resides. Carr v. Carr, 489 So.2d 889 (Fla. 1st DCA 1986); Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973); Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969).
In the present case, the wife was residing in Orange County at the time she filed her petition and thus venue was proper in Orange County. The husband's reasons for transferring the action to Sarasota County are not sufficient. First, the husband claimed in his petition that the issues raised in this modification action had been previously raised and decided against the wife and hence were res judicata. This argument is without merit. Decrees providing for child support are, by their very nature, impermanent in character and hence are res judicata of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970).
The husband also claimed that the last petition to modify the final judgment was still pending in Sarasota County. The final order of the Sarasota judge from April 1986 states that the wife's supplemental petition for modification and the husband's supplemental counterpetition for modification were both denied. Thus the proceedings in Sarasota County were concluded as to the modification requests and the court in Orange County properly considered and ruled on the subsequent modification request.[1]
Finally, the husband argued that Sarasota County was in a better position to determine the issues. Since the wife and two children reside in Orange County while only the husband resides in Sarasota County, it appears that Orange County would be in at least an equal position to evaluate the needs of the children and to determine the issues.
Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980), cited by the husband and relied on by the trial court, is inapplicable. In that case, the husband filed a modification petition in Escambia County. However, a proceeding to enforce the child support provisions of the final judgment was still pending in Bradford County. The First District held that the provisions of section 61.14 could not be manipulated to escape or ignore enforcement proceedings pending in a different county and that equity would require that the case be transferred to Bradford County. In the present case, there were no modification or enforcement proceedings *13 pending in Sarasota County and there was nothing to interfere with the authority of the court in Orange County to hear this action.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] While the Sarasota court reserved jurisdiction to award attorney's fees, we note that the reservation of jurisdiction to award attorney's fees and costs at a later time does not affect the finality of the judgment itself. Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987).