PER CURIAM.
The order under review which transferred to Broward County this action to modify a 1984 final judgment of dissolution solely because the dissolution was entered in Broward County is reversed upon a holding that (1) under Section 61.14(1), Florida Statutes (1987), the appellant-wife, being, without dispute, a long-term resident of Dade County when she filed her modification action, was entitled to bring the action in the county of her residence, notwithstanding that venue was also proper in the county where the order sought to be modified was entered, Torres v. Torres, 516 So.2d 11 (Fla. 5th DCA 1987); Carr v. Carr, 489 So.2d 889 (Fla. 1st DCA 1986); Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973); Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969); and (2) apart from the showing that the dissolution was entered in Broward County, where the appellee-hus-band resides — facts legally insufficient to defeat the wife’s choice of Dade County as the venue for her motion to modify — there are no other facts shown on this record to establish that Dade County is, as urged by the husband, a forum non conveniens.
Reversed and remanded.