DAUKSCH, Judge.
This is an appeal of a non-final order transferring venue from Orange County to Dade County. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Appellant filed a complaint for enforcement of final judgment of dissolution of marriage (rendered in Dade County) and a petition for modification to increase child support. Alleging that she was a resident of Orange County, she specifically sought to enforce those provisions of the judgment awarding her as permanent alimony for support and maintenance one-half of appel-lee’s military retirement pension allotment. Appellee was also ordered to pay the mortgage on the marital residence where appellant resided. The remainder of his pension benefits were to be equally divided between the parties. Appellee was to arrange for the military to issue three separate checks reflecting these amounts. He was additionally responsible for property taxes and insurance and one-half of any amount incurred for major repairs on the property.
Appellant alleged that appellee had failed to arrange for payment of the monthly mortgage through his pension benefits but instead had sent only personal checks. She alleged additionally that his monthly military payments were deficient and that he was in arrears in his alimony payments and in payments due for major repairs. She requested that her alimony be increased to one-half of the balance which he currently received, stating that there had been a material change in her circumstances on the basis that her needs and his ability to pay had increased. Finally, she requested her attorney’s fees and costs.
Appellee filed a response in Orange County to appellant’s complaint and petition. He generally denied her allegations but stated that if she were entitled to enforcement of the final judgment, that action should be taken in Dade County. Appellant later filed a motion for injunction and restraining order to prohibit appellee from proceeding with any action in Dade County. She alleged that since she had filed her complaint for enforcement and petition for modification, appellee had filed a bad faith motion to modify the final judgment in Dade County solely to harass her and to cause her additional expense. The trial court in Orange County set the cause for a non-jury trial and scheduled a conference. Appellant’s attorney set a hearing on appellant’s motion for injunction and restraining order. The trial court thereafter entered an order transferring venue of appellant’s action to Dade County. We reverse.
Appellant filed her complaint for enforcement and her petition for modification pursuant to sections 61.14(1) and 61.17(1), Florida Statutes (1987). These sections provide:
61.14 Enforcement and modification of support, maintenance, or alimony agreements or orders.—
(1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding *67 for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
* * * * He *
61.17 Alimony and child support; additional method for enforcing orders and judgments; costs, expenses.—
(1) An order or judgment for the payment of alimony or child support or either entered by any court of this state may be enforced by another chancery court in this state in the following manner:
(a) The person to whom such alimony or child support is payable or for whose benefit it is payable may procure a certified copy of the order or judgment and file it with a complaint for enforcement in the circuit court for the county in which the person resides or in the county where the person charged with the payment of the alimony or child support resides or is found.
(b) If the pleadings seek a change in the amount of the alimony or child support money, the court has jurisdiction to adjudicate the application and change the order or judgment, in such event the clerk of the circuit court in which the order is entered changing the original order or judgment shall transmit a certified copy thereof to the court of original jurisdiction, and the new order shall be recorded and filed in the original action and become a part thereof. If the pleadings ask for a modification of the order or judgment, the court may determine that the action should be tried by the court entering the original order or judgment and shall then transfer the action to that court for determination as a part of the original action.
It is apparent that venue is proper in Orange County under both sections 61.-14(1) and 61.17(1), Florida Statutes (1987). Where a statute specifically provides for venue, the specific statute governs over a general statute. Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969). Additionally noteworthy is the fact that appellee has made no appearance in the appellate proceedings. See McCray v. McCray, 526 So.2d 987 (Fla. 1st DCA 1988). With the exception of appellee’s answer to appellant’s complaint and petition stating that the final judgment should be enforced in Dade County, the pleadings do not indicate appellee’s reasons for this request. In the absence of any pleadings or appellate argument, there is no reason why appellant’s action should not remain in the county in which it was filed. The appendix provided by appellant does not contain any specific motion for a change of venue and we assume the attorney for appellant has provided this court with a complete record of all pleadings and motions which were before the trial court on the issues here.
With regard to her enforcement action, appellant correctly relies on McCray (mother’s action to enforce child support payments proper in county where she and children resided rather than county where parties were divorced) and Hughes v. Hughes, 441 So.2d 688 (Fla. 2d DCA 1983) (former wife’s action to enforce final judgment of dissolution of marriage proper in county where she and her child currently resided despite fact that divorce granted in second county and former husband resided in yet a third county).
Existing caselaw also supports appellant’s argument with regard to her modifi *68 cation action. See Robbins v. Robbins, 526 So.2d 1053 (Fla. 3d DCA 1988) (former wife’s action to modify final divorce judgment, originally entered in Broward County where former husband also resided, improperly transferred to Broward County where wife had been a long-term resident of Dade County at the time she filed her modification action); Torres v. Torres, 516 So.2d 11 (Fla. 5th DCA 1987) (former wife’s modification action in which she sought an increase in child support improperly transferred from Orange County, where she resided, to Sarasota County); Carr v. Carr, 489 So.2d 889 (Fla. 1st DCA 1986) (former wife’s modification action in which she sought an increase in child support improperly transferred to Gulf County where former husband resided).
Finally, as the court in Bailey v. Malone, 389 So.2d 348, 350 (Fla. 1st DCA 1980) stated: “Section 61.14 may not be manipulated to escape or ignore enforcement proceedings pending in a different county.” In that case, the former husband filed a modification action after the former wife had filed an enforcement action in the county where the final judgment was originally entered. As in Bailey, appellant’s enforcement and modification action was already pending when appellee allegedly initiated his modification action.
REVERSED.
COWART and HARRIS, JJ., concur.