678 So.2d 512 (1996)
John L. SKINNER, Jr., Appellant,
v.
Starlett C. SKINNER, Appellee.
No. 96-1275.
District Court of Appeal of Florida, Fourth District.
August 28, 1996.
*513 James P. O'Flarity of James P. O'Flarity, P.A., West Palm Beach, for appellant.
James R. Rich of Law Office of James R. Rich, P.A., West Palm Beach, for appellee.
WARNER, Judge.
Appellant challenges the trial court's denial of his motion to dismiss or transfer for improper venue. Appellee contends that under section 61.14(1), Florida Statutes (1995), venue is proper. Because this is not an action for an order decreasing or increasing the amount of support or alimony, we hold that the trial court erred in denying the motion to dismiss for improper venue.
The parties' marriage was dissolved in Alabama. Later both parties moved to different parts of Florida. The appellee/wife moved to Palm Beach County where she filed a complaint to domesticate and modify the Alabama judgments. Appellee alleged that appellant had stopped paying alimony and had refused to pay for the children's college education as agreed in the parties' settlement. The complaint did not seek an increase in alimony but rather sought to establish an escrow account from which the appellee could draw her alimony payments and the children could secure their college tuition.
Section 61.14(1) provides in pertinent part:
[E]ither party may apply to the circuit court of the circuit in which the parties, or either of them ... reside at the date of the application ... for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires....
§ 61.14(1) (emphasis supplied). This section is in conflict with the general venue statute, section 47.011, which provides that venue would lie in the appellant's county of residence. A specific venue statute takes precedence over general venue law. Bryant v. Bryant, 566 So.2d 65 (Fla. 5th DCA 1990). Nevertheless, a primary rule of statutory construction is that courts should not depart from the plain and unambiguous language of the statute. Dade County v. Pena, 664 So.2d 959 (Fla.1995). Section 61.14(1) applies by its own terms to actions seeking a modification order "decreasing or increasing the amount" of alimony or support. The action brought by appellee seeks neither an increase nor a decrease of alimony or support but seeks only to secure the award already made. It is more of an enforcement action than a modification proceeding. As such, the *514 venue provision of section 61.14(1) does not apply, and the general venue statute provides that the action should be brought in the county of defendant's residence.
Reversed and remanded to transfer these proceedings to Okaloosa County.
KLEIN and PARIENTE, JJ., concur.