756 So.2d 197 (2000)
John MINGIONE, Appellant,
v.
Marie MINGIONE, Appellee.
No. 4D99-4191.
District Court of Appeal of Florida, Fourth District.
April 12, 2000.
*198 Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellant.
M. Katherine Ramers of Ramers & Stephens, P.A., Dunedin, for appellee.
PER CURIAM.
John Mingione appeals a non-final order of the Broward County circuit court granting his former wife's motion to transfer venue. We reverse.
Following the parties' New Jersey divorce, the former husband moved to Broward County and the former wife moved to Pinellas County. The former husband filed a petition in Broward County seeking to domesticate and modify the final judgment of divorce. The modification he sought was to terminate his alimony obligation pursuant to a provision of the parties' agreement, incorporated in the divorce judgment, that alimony would cease "in the event of the wife's remarriage, death, or cohabitation," alleging that she had been cohabiting with a man for several months.
The trial court granted the former wife's motion to transfer venue to the county of her residence, accepting her argument that section 47.011, Florida Statutes, the general venue statute, applied. The former husband had relied on section 61.14, a more particular statute which provides inter alia that a party may apply for a modification of an alimony order or agreement, decreasing or increasing the amount of alimony, by applying to the circuit court in the circuit in which either party resides. See § 61.14(1), Fla. Stat. (1999). The trial court concluded that the former husband was seeking to enforce the parties' agreement, not to modify it. Compare Skinner v. Skinner, 678 So.2d 512 (Fla. 4th DCA 1996) (reversing order denying transfer in accordance with section 47.011, where former wife filed a motion to domesticate and modify Alabama judgment in county in which she resided, because action was more of an enforcement than modification action, in that what wife sought was an escrow account from which to enforce the terms of the agreement requiring husband to pay alimony and for children's college education, which she alleged that he had stopped paying).
In the instant case, however, it is clear that the former husband seeks an order that will decrease the amount of his alimony obligation to zero, and thus his application falls within the literal language of section 61.14. The general statute does not control when a more specific statute also applies. See Stewart v. Carr, 218 So.2d 525, 527 (Fla. 2d DCA 1969).
Accordingly, we reverse the order on appeal and remand for further proceedings.
SHAHOOD, GROSS and HAZOURI, JJ., concur.