833 So.2d 226 (2002)
Rose MORALES, Petitioner,
v.
Richard SALAZAR, Respondent.
No. 5D02-3151.
District Court of Appeal of Florida, Fifth District.
December 20, 2002.
*227 Howard D. Friedman of Heller & Friedman, P.A., Orlando, for Petitioner.
Amy E. Goodblatt of Shepard, Filburn & Goodblatt, P.A., Orlando, for Respondent.
ORFINGER, R.B., J.
Rose Morales asks this court to prohibit the circuit court of Seminole County, Florida from exercising jurisdiction over a petition to modify child custody filed by Richard Salazar, the father of their minor child. Morales contends that under the Uniform Child Custody Jurisdiction Act (UCCJA),[1] the circuit court lacks subject matter jurisdiction to modify the prior custody determination made by a New York court. We agree that the trial court lacks subject matter jurisdiction to consider Salazar's petition and issue the writ.
Prior to Morales and the child moving to Florida, the parties participated in litigation in the courts of New York, resulting in a custody order awarding sole custody of the child to Morales and granting visitation to Salazar.[2] In 2001, Salazar, still a New York resident, filed a petition in the circuit court of Seminole County, seeking a custody modification and for sole parental responsibility to make educational decisions for the child. Morales filed an answer and counter-petition, followed some months later by a motion to dismiss, alleging that the circuit court lacked subject matter jurisdiction.
In part, Morales's contention that the courts of Florida lack subject matter jurisdiction to consider Salazar's petition is based on section 61.133(1), Florida *228 Statutes (2001), which provides: "If a court of another state has made a custody decree, a court of this state shall not modify that decree unless: (a) [i]t appears to the court of this state that the court which rendered the decree does not now have jurisdiction ... or has declined to assume jurisdiction ...; and (b) [t]he court of this state has jurisdiction."[3] That section implements the UCCJA policy forbidding the courts of one state from modifying the custody decree of another state unless the original state no longer has, or has declined, to exercise jurisdiction. Yurgel v. Yurgel, 572 So.2d 1327, 1329 (Fla.1990). The UCCJA binds the courts of Florida and the courts of every other state where it has been adopted, including New York.[4]See N.Y. (Dom.Rel.) Law §§ 75-78 (McKinney 2001). The purpose of the UCCJA is "to prevent interstate competition and conflicts" about custody disputes among the various states. Yurgel, 572 So.2d at 1329 (quoting Padgett v. Pettis, 445 So.2d 633, 635 (Fla. 1st DCA), cause dismissed 450 So.2d 487 (Fla.1984)).
Because Salazar still resides in New York, the UCCJA mandates that the courts of New York have exclusive jurisdiction to consider the modification of the existing New York custody determination, absent exceptional circumstances not present here. New York's continuing jurisdiction is premised on section 76-a of McKinney's Consolidated Laws of New York Annotated, which provides in relevant part:
[A] court of [New York] which has made a child custody determination ... has exclusive, continuing jurisdiction over the determination until:
(a) a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
(b) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.
N.Y. (Dom.Rel.) Law § 76-a.1.(a)-(b) (McKinney 2001). Section 61.133 of the Florida Statutes and section 76-a of the New York law, when read in concert, give the courts of New York jurisdiction to determine custody of the child and prohibit the courts of Florida from modifying or altering the New York custody determination. As long as Salazar continues to reside in New York, the courts of that state will continue to have jurisdiction to determine and modify custody until such time as New York decides to relinquish jurisdiction.
Salazar argues that Morales's motion to dismiss is an attempt to delay the *229 action. He claims that it is "disingenuous" of Morales to have litigated the case in Florida for more than a year, including filing a counter-petition, only to plead lack of subject matter jurisdiction after receipt of a trial notice. That may be true, but as Salazar concedes, the lack of subject matter jurisdiction can be raised at any time, Department of Revenue v. Day star Farms, Inc., 803 So.2d 892 (Fla. 5th DCA 2002), and such jurisdiction cannot be created by waiver, acquiescence, or agreement of the parties. See State v. Yaros, 728 So.2d 1201 (Fla. 2d DCA 1999).
Our conclusion that the courts of Florida lack jurisdiction to consider Salazar's petition does not deprive Salazar of an opportunity to modify the New York custody order. It only means that Salazar must seek to modify the order in the courts of New York, his state of residence. Our opinion in no way affects his right to do so.
PROHIBITION GRANTED.
SHARP, W., and SAWAYA, JJ., concur.
NOTES
[1] §§ 61.1302-.1348, Fla. Stat. (2001). Effective October 1, 2002, the UCCJA was amended as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered, sections 61.501-.542, Florida Statutes (2002). Because Salazar's petition for modification was filed prior to October 1, 2002, the UCCJA, rather than the UCCJEA, applies. See § 61.542, Fla. Stat. (2002).
[2] During the pendency of the New York litigation, Morales and the child moved to Florida, while Salazar continued to reside in New York.
[3] Section 61.133 was repealed effective October 1, 2002, and replaced with section 61.516, Florida Statutes, which provides that a court of this state may not modify a child custody determination made by another state unless the court of this state has jurisdiction to make an initial custody determination and that court of the other state determines that it no longer has exclusive jurisdiction or that a court of this state would be a more convenient forum, or a court of this state or another state determines that the child, the child's parents, and any other person acting as a parent do not presently reside in the other state.
[4] Additionally, the Federal Parental Kidnapping Prevention Act (PKPA) (28 USCA § 1738A), provides that the jurisdiction of a court of a state, which has made a child custody or visitation determination, continues as long as the requirements of the PKPA are met and such state remains the state of residence of the child or of any contestant.