843 So.2d 1021 (2003)
Jennifer PITT, Appellant,
v.
David H. BENZENHAFER, Appellee.
No. 2D02-3876.
District Court of Appeal of Florida, Second District.
May 2, 2003.
*1022 Victor R. Smith of The Smith Law Group, P.A., Lake Alfred, for Appellant.
Cathy L. Lucrezi of Cathy L. Lucrezi, P.A., Fort Myers, for Appellee.
GREEN, OLIVER L., Senior Judge.
Jennifer Pitt (the Former Wife) appeals an order of the Lee County circuit court denying her motion to dismiss or transfer David J. Benzenhafer's (the Former Husband) petition for modification of child custody to Polk County, where the final judgment of dissolution of marriage was entered. Because the court erred in its application of section 61.13(2)(c), Florida Statutes (2001), we reverse.
The parties were divorced pursuant to a final judgment entered in Polk County. The final judgment named the Former Wife as the primary residential parent for the parties' minor child. The Former Husband then relocated to Lee County. The Former Wife testified that she never changed her Polk County residency, even though she moved to Utah with her new husband. Subsequent to the filing of the petition for modification, the Former Wife and child returned to Polk County to reside in the former marital home. The child is enrolled in the Polk County school system.
Section 61.13(2)(c) provides that "[t]he circuit court in the county in which either parent and the child reside or the circuit court in which the original award of custody was entered have jurisdiction to modify an award of child custody. The court may change the venue in accordance with s. 47.122[, Florida Statutes]." Here, the Lee County circuit court did not have jurisdiction because the testimony showed that the child had never resided in Lee County. The Polk County circuit court is the only proper jurisdiction in which to file a petition to modify child custody.
Accordingly, we reverse and remand with directions to the trial court to transfer the matter to Polk County.
SILBERMAN and CANADY, JJ., concur.