PALMER, J.
Darlene A. Thornburg (“mother”) has filed a petition for a writ of prohibition seeking to prohibit the Seminole County circuit court from exercising jurisdiction over a supplemental complaint filed by respondent, Scott Donovan (“father”). The supplemental complaint sought modification of the parties’ final dissolution judgment previously entered in the Pasco County circuit court. Concluding that the Seminole County circuit court lacks jurisdiction over this supplemental complaint as to issues concerning one of the parties’ minor children, we grant the petition in part.
The parties obtained a final judgment of dissolution in 1997 from the circuit court in Pasco County. The mother was awarded primary residential custody of the parties’ two children. The father thereafter relocated to Seminole County, and the mother relocated to Hillsborough County. In 2001, based on an informal agreement between the parties, the parties’ older son began residing with the father. Their younger son continued to reside with the mother in Hillsborough County.
In 2002, the mother filed a pro se motion in the Pasco County circuit court requesting that her child support payments be automatically deducted from the father’s paycheck due to father’s alleged delinquency in making same. The father, through counsel, responded by filing a motion to transfer jurisdiction of the matter to Seminole County for the convenience of the parties and in the interest of justice, alleging that he intended to seek modification of the final judgment as to primary residential custody of the older son. The motion made no mention of any issues relating to the custody of the younger son.
A month later, the mother agreed to transfer her child support case to the Seminole County circuit court. At that time, she was not represented by counsel and understood that the only issues between the parties were child support and custody of the older son. However, unbeknownst to the mother, a month earlier the father, through counsel, had filed a supplemental complaint for modification of the final dissolution judgment in the Pasco County circuit court. In that complaint the father sought to obtain primary resi *178 dential custody of both children. A copy of the complaint was not served on the mother until a month after the mother had agreed to transfer her child support case to Seminole County. Once the case was transferred, the father’s attorney had a summons issued and served the supplemental complaint seeking custody of both children on the mother. The mother immediately obtained legal counsel, who filed a motion to dismiss the father’s supplemental complaint for lack of subject matter jurisdiction and improper venue, arguing that under section 61.13(2)(c) of the Florida Statutes (2003) the Seminole County circuit court lacked jurisdiction to hear the complaint since it was seeking modification of custody as to the younger son. The trial court denied the motion, and the mother therefore filed the instant petition for writ of prohibition. We conclude that prohibition relief is appropriate in this case because the Seminole County circuit court lacks jurisdiction to rule on any custody issues relating to the younger son.
Prohibition is an extraordinary writ which is narrow in scope and must be employed with caution and used only when there is no other appropriate and adequate remedy. See Mandico v. Taos Const., Inc., 605 So.2d 850, 854 (Fla.1992); O’Donnell’s Corp. v. Ambroise, 858 So.2d 1138 (Fla. 5th DCA 2003).
Section 61.13(2)(c), Florida Statutes (2002), provides, in relevant part:
61.13 Custody and support of children; visitation rights; power of court in making order.—
[[Image here]]
[2](c)The circuit court in the county in which either parent and the child reside or the circuit court in which the original award of custody was entered have jurisdiction to modify an award of custody.
The younger son has never lived in Seminole County, nor was the original custody award entered by a Seminole County circuit court judge. Accordingly, the Seminole County circuit court lacks the authority to review issues relating to his custody. See Pitt v. Benzenhafer, 843 So.2d 1021 (Fla. 2d DCA 2003)(holding that the county where the husband resided and filed a petition for modification did not have jurisdiction because the child never resided there); see also DeMauro v. DeMauro, 737 So.2d 566 (Fla. 3d DCA), review denied, 749 So.2d 502 (Fla.1999)(holding that Dade County could not exercise jurisdiction over mother’s petition for modification of custody where custodial father and children resided in Monroe County where the original award of custody was entered).
Importantly, the mother’s stipulation to transfer the matter to Seminole County did not waive jurisdiction as to issues relating to custody of the younger son since the proper forum for modification of child custody is a question of subject matter jurisdiction, not personal jurisdiction or venue, and subject matter jurisdiction cannot be waived, nor created, by consent or agreement of the parties. See Morales v. Salazar, 833 So.2d 226 (Fla. 5th DCA 2002).[1]
*179 Petition for writ of prohibition GRANTED as to all issues related to the custody of the younger son.[2]
SAWAYA, C.J., and ORFINGER, J., concur.

. Having found that subject matter jurisdiction cannot be created by consent or agreement of the parties, it is unnecessary for us to reach the mother’s alternative argument that equitable estoppel would preclude the father from relying on the stipulation. However, since the motion to transfer jurisdiction was presented to the court in Pasco County without disclosure of the father’s pending (but unserved) supplemental complaint for modification as to both children, we are providing a copy of this opinion to the Florida Bar for its determination as to whether the conduct of father's attorney with regard to the transfer to *179 Seminole County violated The Florida Bar’s Rules of Professional Conduct.

. We note that, given the current wording of section 61.13(2)(c), Florida Statutes, only the circuit court in Pasco County would appear to have jurisdiction over both children. Accordingly, the possibility exist that the parties child custody disputes involving both children could result in inconsistent results if such disputes are presented in parallel proceedings in different circuit courts. Any circuit court involved in this dispute should take that fact into consideration when ruling on any motion to transfer venue which is properly directed to it.