GROSS, J.
After extensive litigation, the parties to this appeal were divorced by a final judgment entered in Broward County on February 8, 2001.
On February 8, 2003, the former husband filed a petition for modification in *691 Miami-Dade County. While claiming that he lived out-of-státe, the former husband alleged that the former wife and the parties’ minor children were residing in Miami-Dade County.
Pertinent to this appeal, the former wife filed a motion in Broward County to enjoin the former husband from litigating the modification in Miami-Dade County. As grounds, the former wife asserted that she and the children resided in Broward County-
The circuit court in Broward County granted the former wife’s motion. The Miami-Dade County circuit court then dismissed the former husband’s modification motion, which he did not appeal.
We reverse the injunction entered against the former husband. It is the “responsibility of the court where the proceedings are pending” to rule on the propriety of venue. Foti v. Camejo, 812 So.2d 507, 508 (Fla. 3d DCA 2002). Case law demonstrates that the proper procedure for dealing with a venue dispute in a post-dissolution modification proceeding is to file a motion to transfer in the court where the petition has been filed. See Mingione v. Mingione, 756 So.2d 197 (Fla. 4th DCA 2000) (after husband filed motion for modification of alimony in Broward County, wife, who alleged venue was proper in Pinellas County, filed motion to transfer in Broward County, and not in Pinellas County); Thornburg v. Donovan, 866 So.2d 176 (Fla. 5th DCA 2004) (after husband filed motion to modify custody in Seminole County, wife properly filed motion to transfer venue in that county); Pitt v. Benzenhafer, 843 So.2d 1021 (Fla. 2d DCA 2003) (after husband filed motion to change custody in Lee County, wife correctly filed motion to transfer venue in Lee County, rather than filing motion in Polk County, seeking to prevent Lee County circuit court from hearing the motion); Lottinger-Serraes v. Serraes, 774 So.2d 959 (Fla. 1st DCA 2001) (after husband filed modification motion in Palm Beach County, wife moved in that county to dismiss motion and transfer ease to Alachua County, rather than file motion in Alachua County seeking to prevent Palm Beach County circuit court from hearing husband’s motion).
Our holding is that the determination of whether venue was proper in Miami-Dade County should have been made by the circuit court in that county, not by the circuit court in Broward County.
REVERSED.
KLEIN, J., concurs.
WARNER, J., concurs specially with opinion.