456 So.2d 966 (1984)
Teresa HAMM, et al., Appellants,
v.
AMBASSADOR INSURANCE COMPANY, etc., et al., Appellees.
No. 83-1438.
District Court of Appeal of Florida, Fifth District.
October 4, 1984.
H. Terrell Griffin of Lawrence, Griffin & Landis, Orlando, for appellants.
Andrew G. Pattillo, Jr., and Jonathan D. Ohlman of Pattillo & McKeever, P.A., Ocala, for appellee Mark Olewinski.
Charles P. Schropp and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee Haas, Boehm, Brown, Rigdon & Seacrest, P.A.
Raymond A. Haas, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Orlando, for appellee Ambassador Insurance Company.
FRANK D. UPCHURCH, Jr., Judge.
The circuit court granted appellees' (defendants below) motion to transfer venue from Orange County to Flagler County. Appellees' motion alleged that all the events in question arose in Flagler County. The basis for the circuit court's decision is not specifically stated in the order. Appellants claim that venue was proper in Orange County as appellee Haas, Boehm maintained an office there. See §§ 47.011, 47.021 and 47.051, Fla. Stat. (1983). Appellees counter that the court actually transferred venue under the forum non conveniens doctrine, section 47.122, Florida Statutes (1983), and hence while venue may have been proper in Orange County, Flagler County was preferable.
The order transferring venue does refer to section 47.122, Florida Statutes, the forum non conveniens statute. Under that doctrine, the burden is on the party seeking the change of venue to show substantial inconvenience or undue expense would result from a trial in the chosen forum. Houchins v. Florida East Coast Ry. Co., 388 So.2d 1287 (Fla. ed DCA 1980); Ashland Oil, Inc. v. Florida Dept. of *967 Transportation, 352 So.2d 567 (Fla. 2d DCA 1977).
The problem here is that apparently no transcript of the hearing below on appellees' motion was made and this court has no way of knowing what evidence was presented and whether the lower court abused its discretion in transferring venue under section 47.122. See Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983); Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 2d DCA 1981). Appellants have failed to supplement the record upon request with a transcript or a prepared statement of the proceedings as provided in Florida Rule of Appellate Procedure 9.200(b)(3). In the absence of an adequate record demonstrating reversible error, we are bound to affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.