613 So.2d 594 (1993)
Alfred D. WASHINGTON, Appellant,
v.
Cynthia L. WASHINGTON, Appellee.
No. 92-1203.
District Court of Appeal of Florida, Fifth District.
February 12, 1993.
Sam E. Murrell, Jr. of Law Offices of Sam E. Murrell, Orlando, for appellant.
Ronald H. Peacock, Lake City, for appellee.
W. SHARP, Judge.
Alfred Washington appeals from an order of the trial court which transferred the venue of the cause to Baker County where his former wife currently resides.[1] He filed his petition to modify child support obligations in Seminole County, where the order requiring him to pay $600 per month had been entered, and where he resides. He argues venue is proper in Seminole County, pursuant to section 61.14(1), Florida Statutes. We agree and reverse.
The parties in this case were divorced in Seminole County in 1985. The decree required Washington to pay $240 per month for the support of his two minor children. Custody was awarded to Cynthia Washington, his former wife.
In July of 1990, the child support obligation was increased by a Maryland decree. And in January of 1991, the Seminole circuit court increased Alfred's obligation to $600 per month. In January 1992, Alfred filed this petition in Seminole County to modify the child support payments.
When the petition was filed, Alfred was a resident of Seminole County. Cynthia and the children had moved to Baker County, Florida. She filed a motion to transfer venue to Baker County, and a counterclaim to increase Alfred's child support obligations. The sole premise for her motion was that she and the children presently reside in Baker County. No additional findings were made by the Seminole County circuit court.
Section 61.13(1)(1)(a)[2] gives the original circuit court that entered the decree requiring child support payments continuing jurisdiction to modify, based on change of circumstances. However, section 61.14(1) provides alternative venue sites for modification *595 suits (including the court which originally entered the decree) in either party's county where he or she is residing when the modification petition is filed.[3] Thus, in this case there were two possible venue sites.
Seminole County was doubly proper because it was the county where the decree requiring child support payments (then being sought to be modified) was entered and because it was the county of the former husband's residence. Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973). Baker County would also have been a proper venue because it was the former wife's residence at the time the petition to modify was filed. Torres v. Torres, 516 So.2d 11 (Fla. 5th DCA 1987).
As in other situations where venue is proper in more than one county, the plaintiff or petitioner has the right to select one of the appropriate counties.[4] If a modification petition is filed in a county where venue is appropriate, as in this case, it is improper to transfer the venue to another county where venue would also have been proper for that reason alone. Torres; Stewart v. Carr, 218 So.2d 525 (Fla.2d DCA 1969).
REVERSED.
COBB and PETERSON, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
[2] Section 61.13(1)(a) states:

61.13 Custody and support of children; visitation rights; power of court in making orders. 
(1)(a) In a proceeding for dissolution of marriage, the court may at any time order either or both parents who owe a duty of support to a child to pay support as from the circumstances of the parties and the nature of the case is equitable. The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments when the modification is found necessary by the court in the best interests of the child, when the child reaches majority, or when there is a substantial change in the circumstances of the parties. The court initially entering a child support order shall also have continuing jurisdiction to require the obligee to report to the court on terms prescribed by the court regarding the disposition of the child support payments.
[3] Section 61.14(1) states:

61.14 Enforcement and modification of support, maintenance, or alimony agreements or orders. 
(1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
[4] See Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955); Itel-Pas, Inc. v. Jones, 389 So.2d 1085 (Fla. 3d DCA 1980); Peavy v. Parrish, 385 So.2d 1034 (Fla. 4th DCA 1980); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975); Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968).