659 So.2d 1348 (1995)
Judith VERO, Appellant,
v.
Frank VERO, Appellee.
No. 94-2501.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
Mary Catherine Landt, Ocala, for appellant.
*1349 Mark D. Shelnutt, Ocala, for appellee.
THOMPSON, Judge.
Judith Vero ("former wife") appeals a non-final order denying her motion for change of venue from Marion County to Broward County. We have jurisdiction.[1] The former wife filed her motion after Frank Vero ("former husband") filed a petition for modification of their final judgment of dissolution. The former husband's petition, filed 2 June 1994, sought to have custody of the parties' minor child changed to him. On appeal, the former wife argues that, because she and the minor child reside in Broward County, the trial court abused its discretion when it denied her motion for change of venue. We affirm because we conclude that the trial court did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
The former wife and former husband were residents of Marion County at the time of their dissolution. Based upon a property settlement agreement and child custody agreement, the former wife was given custody of the parties' minor child in the final judgment of dissolution. Subsequent to the entry of the final judgment, the former wife and the minor child lived in several counties, including Hillsborough, Brevard, and, finally, Broward. The former wife and child have not lived in Marion County for five years. All of the child's school records, medical records, and witnesses to her development are located in Broward or Hillsborough Counties.
Initially, we note that, because the former husband's petition was filed after 1 October 1993, both the circuit court in which either parent or the child resides and the circuit court which issued the original judgment of dissolution have jurisdiction over the petition seeking modification of child custody. See § 61.13(2)(c), Fla. Stat. (1993).[2] The former husband, therefore, could have filed his petition in Broward County or Marion County because either was appropriate. Id. The former wife argues that, because Marion County is an inconvenient forum for the child and the witnesses, justice requires that this case be heard in Broward County. The former wife's argument is supported by section 47.122, Florida Statutes (1993), which allows a civil case to be transferred from Marion County to Broward County "for the convenience of the parties or witnesses."[3] In this case, the majority of the child's pertinent witnesses are in Broward County.
We agree with the former wife that a circuit court has the authority to transfer venue once it finds that another circuit is more convenient for the parties; however, the former wife had the burden to show substantial inconvenience or undue expense to establish a basis for the transfer. Hamm v. Ambassador Ins. Co., 456 So.2d 966, 966-67 (Fla. 5th DCA 1984); see also Hu v. Crockett, 426 So.2d 1275, 1278-79 (Fla. 1st DCA 1983). Here, the former wife presented no affidavits or testimony at the hearing on the issue. Although the former wife appeared by telephone, her counsel was physically present at the hearing and presented no supporting affidavits or testimony. Accordingly, the former wife did not meet her burden of establishing a basis for the transfer. See Graham v. Graham, 648 So.2d 814, 815-16 (Fla. 4th DCA 1995).
We observe that the former husband has relatives, an expert witness, and other witnesses who live in Marion County. The wife *1350 has relatives, the child's teachers, and the child's health care providers who live in Broward County. Other witnesses live in Hillsborough County. No matter which forum is selected, it will be convenient to one party and its witnesses and inconvenient to the other party and its witnesses. Here, venue was proper in more than one county, and the former husband had the right to select one of the appropriate counties. Washington v. Washington, 613 So.2d 594, 595 (Fla. 5th DCA 1993). Under these circumstances, the trial court did not abuse its discretion in denying the former wife's motion for change of venue. Tindall v. Smith, 601 So.2d 627, 628 (Fla. 2d DCA 1992); Hu, 426 So.2d at 1281.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.130(3)(A).
[2] Section 61.13(2)(c) provides:

The circuit court in the county in which either parent or the child resides and the circuit court in which the original award of custody was entered have jurisdiction to modify an award of child custody. The court may change the venue in accordance with s. 47.122.
§ 61.13(2)(c), Fla. Stat. (1993).
[3] Section 47.122 provides:

For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
§ 47.122, Fla. Stat. (1993).