DANAHY, Acting Chief Judge.
We reverse a final judgment changing custody of a ten-year-old boy from his father to his mother, on the ground that the trial court lacked subject matter jurisdiction of the custody issue under the Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-61.1348, Florida Statutes (1993).
The parties were divorced in Idaho on December 19, 1986, at a time when both parties were serving in Idaho as members of the United States Air Force. The decree of divorce was later amended to award custody of their son to the father.
The father continued his service in the United States Air Force, but the mother left that service and eventually came to reside in Florida. By agreement of the parents, their son visited his mother in Florida during the summer of 1992 and for the school year 1992-93. Thereafter, however, the son returned to Idaho and continued to live there with his father. Later, there was a period of time when the father was stationed in Okinawa. During this time, the son remained in Idaho.
On September 28, 1994, the mother filed her initial pleading seeking a change of custody of the child from the father to the mother. Her effort resulted in the final judgment reviewed on this appeal, entered on September 27, 1995, changing custody of the child from the father to the mother.
The disposition of this case is controlled by the UCCJA[1] In reaching our reversal we rely on the opinion of the Florida Supreme Court in Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990). In Yurgel, the court construed the provisions of section 61.1308, Florida Statutes (1987),[2] which outlines the conditions under which a court has subject matter jurisdiction to make a child custody determination by initial or modification decree. The court said that jurisdiction must be presumed to continue once it is validly acquired under section 61.1308; and it continues up until the court acquiring jurisdiction expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with that state have ceased, until some other statute of that state terminates jurisdiction, or until jurisdiction is terminated by operation of the Parental Kidnapping Protection Act (PKPA). See 28 U.S.C. § 1738A (1987). The court pointed out that the UCCJA forbids a state to modify the custody decrees of other states unless those other states no longer have, or have declined to exercise, jurisdiction. § 61.133, Fla. Stat. (1995).
In 1986 Idaho validly acquired jurisdiction to determine custody of the parties’ child. Idaho has not determined that its continued jurisdiction is no longer appropriate. No other Idaho statute has been cited to us which terminates jurisdiction, and we find no jurisdiction terminated by operation of the PKPA There has been no demonstration here that virtually all contacts with Idaho have ceased.
Accordingly, we conclude that the trial court did not have subject matter jurisdiction to determine custody of the parties’ son and reverse the final judgment purporting to change custody from the father to the mother.
Reversed.
FULMER and WHATLEY, JJ., concur.

. Idaho also has adopted the UCCJA. Idaho Code § 32-1101 to -1107 (1995).

. Since 1987 the provisions of this section have not changed.