W. SHARP, Judge,
dissenting.
I dissent for the reasons stated in my dissenting opinion in Chaddick v. Monopoli 677 So.2d 347 (Fla. 5th DCA 1996), rev. granted, 689 So.2d 1068 (Fla.1997). The trial judge, in declining to hear James Johns’ motion to modify the custody decree concerning his child, and doing so ex parte, essentially has deprived James of his “day in court.” With no record available upon which to base an appeal other than references to various telephone calls between a Michigan judge and the Florida judge, the issue has become unreviewable. In my view, James is entitled to a hearing.
Pursuant to the Uniform Child Custody Jurisdiction Act, which both Florida and Michigan have adopted, the state that initially renders a child custody decree in a divorce proceeding retains the exclusive jurisdiction to modify the custody decree until both parents and child have left that state, or the state that initially rendered the decree declines jurisdiction to modify it. § 61.133(l)(a), Fla. Stat. See Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990); Hazzard v. Ladurini 691 So.2d 12 (Fla. 2d DCA 1997); Lamon v. Rewis, 592 So.2d 1223 (Fla. 1st DCA 1992); Steward v. Steward, 588 So.2d 692 (Fla. 5th DCA 1991); Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). The Parental Kidnapping Prevention Act[1] is consistent with this rule of law.
In this case, the initial decree was rendered by a Florida court in 1994. In 1995, a Florida court entered an order modifying the final judgment, pursuant to the stipulation of the parties, allowing Melody Johns (the former wife) to relocate the primary residence for herself and her child to Michigan. The stipulation provided that the State of Florida would retain jurisdiction “as to all matters relating to the minor child,” so long as the former husband resides in Florida.
In February of 1996, a hearing was brought in Michigan to establish a limited guardianship for the child. The guardians are the child’s maternal aunt and her husband. James alleges that the sole purpose for the guardianship was to provide the child with health insurance. The order expressly stated it would have no effect on the present or future parental rights of James.
In April of 1997, James commenced a modification proceeding in Florida to obtain primary residential custody of the child because the former wife’s health had deteriorated to the point she could not care for it, and the guardians were interfering with his ability to contact the child. He also filed a response in the Michigan court, asserting he had not agreed to any guardianship for the child except for the purpose of extending her health benefits. Melody then asserted the Florida court lacked jurisdiction to modify its own decree.
On August 6, 1997, the circuit court in Lake County transferred the ease to Osceola County, delaying a ruling by that court on jurisdiction. On August 8,1997, the judge in Michigan determined that Michigan had jurisdiction over the custody determination. He asserted he had three telephone conversations with the judge in Osceola County, and that she had agreed Michigan should take jurisdiction. However, no hearing was held in Michigan or Florida, concerning forum nonconveniens or other grounds for declining Florida’s,jurisdiction.
James now seeks review of the order dismissing his petition for modification, arguing that the Florida court should have held a hearing to determine its own jurisdiction, and to establish a factual basis on the record for declining jurisdiction. See Booker v. Booker, 636 So.2d 796 (Fla. 1st DCA 1994). Section 61.1316(3) provides a list of factors which should be established on the record by a party seeking to transfer venue to a more appropriate court. Melody, the former wife in this case, in this case had that burden. For the Florida court not to have held an evidentiary hearing before declining jurisdiction appears to me to be contrary to the UCCJA as well as the PKPA and contrary *1245 to procedural fairness. See Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995); Dalomba-Herrera v. Bush, 645 So.2d 117 (Fla. 5th DCA 1994). I would grant the petition for certiorari and remand for a hearing.

. 28 U.S.C. § 1738A(d) provides as follows:
The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.