WARNER, J.
The former wife appeals an order of the circuit court in Broward County denying her motion to dismiss or transfer her former husband’s petition for modification of child custody to Hillsborough County, where the former wife’s earlier-filed petition for modification was pending. Because the court erred in its application of section 61.13(2)(c), Florida Statutes (2000), we reverse.
The parties were divorced by a final judgment entered in Broward County, Florida. Prior to the entry of the final judgment, the former wife and child had moved to Hillsborough County. Three years later, she filed a petition for modification of custody in Hillsborough County. At the same time, disputes continued to arise regarding visitation, and the former husband filed enforcement proceedings in Broward County. Later, he filed his own petition for modification in Broward County.
The former wife moved to dismiss or transfer the former husband’s petition to Hillsborough County, where her earlier-filed petition was still pending. The motion' was referred to a general master for findings. The master’s report found that both counties had jurisdiction pursuant to section 61.13(2)(c). However, the master concluded that Hillsborough Circuit Court could not unilaterally take jurisdiction unless the court that entered the final judgment of dissolution transferred the entire action. The Broward court accepted the recommendations of the master and denied the motion. This appeal followed.
Section 61.13(2)(c) provides original jurisdiction for modification of custody in either the county where the parent and child reside or where the initial order was entered. Thus, the former wife, as petitioner, had the choice of where to bring her petition for modification; and if venue *227 is proper in more than one county, the filing party has the right to select in which county to bring the action. See Vero v. Vero, 659 So.2d 1348, 1350 (Fla. 5th DCA 1995). Because the former wife’s petition was filed prior to the former husband’s petition, the principle of priority requires that the later filed action be abated or transferred. See Graham v. Graham, 648 So.2d 814, 816 (Fla. 4th DCA 1995).
The former husband relies on Wells v. Ward, 314 So.2d 138, 139 (Fla.1975), and Torres v. Torres, 561 So.2d 1310, 1312 (Fla. 3d DCA 1990), for the proposition that a new court cannot exercise jurisdiction unless the initial court transfers the entire case to that court. However, these cases were decided before the enactment of section 61.13(2)(c). While we may believe that Wells states the better rule for the orderly administration of justice, section 61.13(2)(e) accommodates other concerns. There are times where it will be more convenient and less costly to the custodial parent and children, who have moved to a different county, to litigate issues of custody in their new home county. If both parties have moved from the county of original jurisdiction, it makes little sense to require a modification petition to be brought in the original county. Of course, the legislature tempered the effect of the statute by permitting the court in which the first petition is filed to change venue in accordance with section 47.122. That venue statute allows the court to change venue for the convenience of the parties, witnesses, or “in the interest of justice.” § 47.122, Fla. Stat. (2000).
We therefore reverse for reconsideration of the motion in light of this opinion.
STONE and TAYLOR, JJ., concur.