PER CURIAM.
Appellant, Margarita Foti (“former wife”), appeals an order transferring venue in her post-dissolution action seeking modification of visitation and child support. We reverse finding the trial court erred in transferring venue from Miami-Dade County to Broward County.
Nikolas Camejo (“former husband”) and the former wife were divorced pursuant to a final judgment entered in Broward County. The former wife and the party’s two children are now residents of Miami-Dade County. Thus, as recognized in the trial court’s order, venue was proper in the Broward County circuit court, which was the circuit court of original jurisdiction, and also in the Miami-Dade County circuit court, based upon the former wife’s residency. See § 61.13(l)(a), Fla. Stat. (2001); § 61.14(1), Fla. Stat. (2001); Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995)(actions for modification of custody may be brought in the circuit where either of the parents resides).
Despite this recognition, the trial court granted the former husband’s request to transfer venue to Broward County stating: “the undersigned believes that the decision of where venue should lie in this action should be that of the Broward County Judge who had initial jurisdiction over this case.” We disagree.
Florida Rule of Civil Procedure, Rule 1.060, provides that an action which has been filed in the wrong county, may be transferred to the proper county in accordance with the venue statutes. We find it obvious that the rule contemplates that once a motion to transfer proceedings based upon improper venue has been filed, it is then the responsibility of the court where the proceedings are pending to make a ruling on the venue issue. A trial court cannot transfer a proceeding based upon improper venue in advance of making an improper venue determination. It is error for a trial court to transfer the decision to make a venue determination to another County’s circuit court.
A plaintiffs choice of venue is presumptively correct, and the burden is upon the party seeking a change of venue to demonstrate the impropriety of the plaintiffs selection. See Houchins v. Florida East Coast Ry. Co., 388 So.2d 1287 (Fla. 3d DCA 1980). Even where venue is proper in more than one county, it is the plaintiffs right to select which county in which to pursue his or her cause of action. See Bracken v. Bracken, 795 So.2d 225 (Fla. 4th DCA 2001); Reed v. Reed, 720 *509 So.2d 582 (Fla. 1st DCA 1998). Thus if proceedings are filed in a county where venue is appropriate, such as in this case, it is improper for a court to thereafter transfer venue to another county where venue would also have been proper, based upon that reason alone. See Graham v. Graham, 648 So.2d 814 (Fla. 4th DCA 1995); Washington v. Washington, 613 So.2d 594 (Fla. 5th DCA 1993).
Here, once the court found that venue was proper in Miami-Dade County, it should have denied the former husband’s motion to transfer venue, and allowed the case to remain in Dade County. See Bracken v. Bracken, 795 So.2d at 225; Washington v. Washington, 613 So.2d at 594. Accordingly, we reverse the order below with directions that the modification case is to remain in Miami-Dade County.
Reversed and remanded with directions.