896 So.2d 793 (2005)
Ofer M. AMIR, Appellant,
v.
Elizabeth GANNON, f/k/a Elizabeth Amir, Appellee.
No. 5D04-1659.
District Court of Appeal of Florida, Fifth District.
January 28, 2005.
Stephen B. Rakusin, of The Rakusin Law Firm, Ft. Lauderdale, for Appellant.
Thomas R. Eineman of Thomas R. Eineman, P.A., Spring Hill, for Appellee.
THOMPSON, J.
Ofer M. Amir, the former husband, appeals an order denying his motion to dismiss and transfer the venue of this post-dissolution proceeding to Broward County. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(A).
The parties' marriage was dissolved in September 1997 in Broward County. In August 2003, Elizabeth Gannon, the former wife, petitioned the court in Hernando County for an upward modification of child support and an order of contempt and enforcement of the final judgment. Before she filed the petition, a proceeding to enforce the final judgment had been brought in Broward County. Further, an order entered by the court in Broward County was still pending on appeal in the Fourth District Court of Appeal when the former wife filed her petition in Hernando County. In Hernando County, the former husband argued that, because of the pending litigation, the former wife could not file her petition in Hernando County. We agree and reverse.
*794 Section 61.14(1), Florida Statutes, provides that a person seeking modification of support "may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered. ..." The statute further provides that "the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order." Section 61.17(1) provides that an order or judgment for the payment of alimony or child support entered by any court of this state may be enforced by another chancery court. Moreover, section 61.13(2)(c) provides that the circuit court in the county in which either parent and the child reside, or the circuit court in which the original award of custody was entered, have jurisdiction to modify an award of child custody.
Ordinarily, where venue is proper in more than one county, the plaintiff or petitioner has the right to select one of the appropriate counties. Washington v. Washington, 613 So.2d 594, 595 (Fla. 5th DCA 1993). If a modification petition is filed in a county where venue is appropriate, it is improper to transfer the venue to another county merely because venue also would have been proper in the other county. Id. However, once an enforcement proceeding is undertaken in an appropriate venue, venue is improper in a different county over a subsequently filed petition to modify the decree which was the subject of the enforcement proceedings. Ingrahm v. Ingrahm, 711 So.2d 1346 (Fla. 5th DCA 1998). Accordingly, in the instant case, because there were enforcement proceedings pending in Broward County, the court in Hernando County should have dismissed the former wife's petition.
REVERSED.
PALMER and ORFINGER, JJ., concur.