913 So.2d 691 (2005)
Elizabeth L. PORTER, Appellant,
v.
Bradley K. PORTER, Appellee.
No. 3D05-1026.
District Court of Appeal of Florida, Third District.
October 12, 2005.
*692 Schweitzer & Schweitzer-Ramras and Darlene Schweitzer-Ramras, Miami, for appellant.
Ned I. Price and Beth M. Terry (Jacksonville), for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Elizabeth L. Porter ("former wife") appeals an order granting Bradley K. Porter's ("former husband") Motion to Dismiss for Improper Venue ("Motion to Dismiss"). As we conclude that venue is proper in Miami-Dade County, we reverse and remand with instructions to reinstate the former wife's "Supplemental Complaint to Establish Foreign Decree as a Florida Judgment and Former Wife's Verified Petition for Modification and a Motion for Contempt and for Enforcement of Final Judgment" ("Complaint").
In November 2002, the parties entered into a final judgment of dissolution of marriage in the Fourth Judicial Circuit in Duval County, Florida ("Duval Circuit Court"). The parties have two minor children, and the former wife is currently residing in Miami-Dade County with the children, while the former husband resides in Duval County.
Following the dissolution of marriage, the parties filed motions for contempt in the Duval Circuit Court, and on November 12, 2003, the court entered an order denying the former wife's motion for contempt and granting the former husband's motion for contempt. This order set forth a visitation schedule between the parties for the months of November 2003, December 2003, and January 2004, whereby the former husband was granted visitation with his children for a specific weekend each month. Pursuant to this order, the parties were to exchange the children in Vero Beach for the November 2003 visitation, and the wife was required to drop off the children at the former husband's home in Jacksonville for the December 2003 and January 2004 visitations. The order further provided that the "Court reserves jurisdiction to modify and enforce the terms of this Order where appropriate and allowed by law." Additionally, the former wife was awarded $250.00 in attorney's fees.
On November 18, 2003, the former wife filed an amended motion for rehearing directed at the November 12, 2003 order. In the motion for rehearing, the former wife requested that the trial court reconsider its decision as to the exchange point for the months of December 2003 and January 2004, requesting that the exchange take place in Vero Beach, not in Jacksonville. In doing so, the former wife explained that she did not have transportation available to drive to Jacksonville for those two months.[1] The parties do not *693 dispute that the former wife never sought to have this motion heard and that the trial court never ruled on the motion.
Some time prior to February 5, 2004, the former husband filed a second motion for contempt based upon the former wife's failure to comply with the visitation schedule set forth in the November 12, 2003 order, as she missed the November 2003 visitation.
On February 5, 2004, the Duval Circuit Court entered an order finding the former wife in contempt for not complying with its November 12th order regarding the November 2003 visitation, but withheld adjudication pending compliance with the new order it was entering. The February 2004 order provided a visitation schedule for the months of February and March 2004, and stated that the "former husband is entitled to have make-up visitation with the children." As in the previous contempt order, the trial court reserved jurisdiction for the purpose of enforcing the terms of the order.
In January 2005, the former wife filed her Complaint in the Eleventh Judicial Circuit in Miami-Dade County, Florida ("Miami-Dade Circuit Court"). On March 8, 2005, the former husband filed his Motion to Dismiss, alleging that pursuant to Amir v. Gannon, 896 So.2d 793 (Fla. 5th DCA 2005), the Miami-Dade Circuit Court was the improper venue to consider the former wife's Complaint.
On March 29, 2005, the former husband filed in the Duval Circuit Court a Motion for Contempt, Enforcement and Request for Attorney's Fees and Costs. On March 30, 2005, he also filed in the Duval Circuit Court a "Motion for Reconsideration and/or Set Aside the Attorney's Fee Provision of the November 12, 2003 Order and Motion for Ruling on Former Wife's Amended Motion for Rehearing on the November 12, 2003 Order" ("Motion for Ruling").
On March 31, 2005, the Miami-Dade Circuit Court heard the former husband's Motion to Dismiss. The former husband argued that enforcement proceedings were pending in the Duval Circuit Court because the former husband had filed a motion for contempt and a request for attorney's fees, and that these motions were still pending before the Duval Circuit Court. In response, the former wife argued that when she filed her Complaint in the Miami-Dade Circuit Court, no enforcement proceedings were pending in the Duval Circuit Court and that the former husband's motion for contempt was filed after the former wife filed her Complaint in the Miami-Dade Circuit Court. The former wife also argued that the fact the Duval Circuit Court reserved jurisdiction in its two contempt orders does not mean that an action is pending. Neither party argued or even mentioned that the former wife had filed a motion for rehearing in Duval County which had not been ruled upon or that the former husband's Motion for Ruling in Duval County was filed subsequent to the former wife's Complaint filed in Miami-Dade County and only one day prior to the March 31, 2005 Miami-Dade *694 hearing.[2]
On April 4, 2005, the Miami-Dade Circuit Court granted the former husband's Motion to Dismiss for Improper Venue, relying in part on Amir and Ingrahm v. Ingrahm, 711 So.2d 1346 (Fla. 5th DCA 1998), which held that "[o]nce ... enforcement proceeding was undertaken in an appropriate venue, venue was improper in a different county over the subsequently filed petition to modify the same decree which was the subject of the enforcement proceedings." Ingrahm, 711 So.2d at 1346. The trial court also found that "[i]n these proceedings the Petitioner [former wife] seeks to modify the same Final Judgment which was the subject of the 2 prior contempt proceedings in Duval County and a 3rd was filed shortly after the Petitioner's Petition for Modification. The 3rd Contempt Motion is presently pending."
The former wife contends that the trial court erred by granting the former husband's Motion to Dismiss where there were no proceedings pending in the Duval Circuit Court when she filed her Complaint in Miami-Dade County. We agree.
The former husband acknowledges that the trial court erred by relying on his third motion for contempt when granting the Motion to Dismiss because this motion for contempt was filed after the former wife filed her Complaint in the Miami-Dade Circuit Court. See Amir, 896 So.2d at 794 (holding that "[i]f a modification petition is filed in a county where venue is appropriate, it is improper to transfer the venue to another county merely because venue also would have been proper in the other county. However, once an enforcement proceeding is undertaken in an appropriate venue, venue is improper in a different county over a subsequently filed petition to modify the decree which was the subject of the enforcement proceedings.") (citations omitted). The former husband, however, argues that based upon the "tipsy coachman" doctrine, this court should nonetheless affirm as the trial court was right for the wrong reason. The former husband argues that dismissal was proper because the former wife's motion for rehearing was pending in the Duval Circuit Court when she filed her Complaint in Miami-Dade County.
The former husband's reliance on the "tipsy coachman" doctrine is, however, misplaced, as the issue of the former wife's Duval County motion for rehearing was not included in the record before the trial court. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002)(quoting Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 645 (Fla.1999))(holding that the "tipsy coachman" doctrine "allows an appellate court to affirm a trial court that `reaches the right result, but for the wrong reasons' so long as `there is any basis which would support the judgment in the record'"); State, Dep't of Revenue ex rel. Rochell v. Morris, 736 So.2d 41, 42 (Fla. 1st DCA 1999)(appellate court refused to affirm on alternative ground where that argument was not argued to the trial court, reasoning that "the record does not reflect an evidentiary basis sufficient to permit us to make a determination as to whether these defenses are applicable in the instant case"). "The key to the application of this doctrine of appellate efficiency is that there must have been support for the alternative theory or principle of law in the record before the trial court." Robertson, 829 So.2d at 906-907. In the absence of support in the trial court record, the "tipsy coachman" doctrine does not apply.
*695 We find that even if the former husband had raised this argument before the trial court, we would still conclude that venue was proper in Miami-Dade and that the trial court's order dismissing the Complaint in Miami-Dade County was error. A review of the former wife's motion for rehearing reveals that she requested the trial court to reconsider its decision as to the exchange point for the December 2003 and January 2004 visitations, requesting that the exchange take place in Vero Beach, not in Jacksonville. Following the filing of this motion for rehearing, the former husband filed his second motion for contempt arguing that the former wife was in contempt for failing to comply with the November 2003 visitation. On February 5, 2004, the trial court entered an order finding that the former wife was in contempt for failing to comply with the trial court's November 12th order as to the November 2003 visitation, but withheld adjudication pending compliance with the order it was then entering. This order does not in any way indicate that the former wife did not comply with the November 12th order regarding the December 2003 and January 2004 visitations. Thus, the second motion for contempt and the order which followed, reflect the former wife's compliance with the December 2003 and January 2004 visitations, thereby rendering the former wife's request in the motion for rehearing to change the exchange point for these visitations, moot.[3]
While we have found that the arguments raised in the former wife's motion for rehearing are moot, and she conceded at oral argument that her motion for rehearing was moot, we nonetheless require that the former wife file a notice of withdrawal of her motion for rehearing in the Duval Circuit Court so that the court records clearly indicate that the motion is no longer pending.
Reversed.
NOTES
[1] The former wife's motion for rehearing also addressed the trial court's decision regarding attorney's fees. The former wife's motion asserts that the trial court indicated at the hearing that it would consider awarding attorney's fees to the wife, but that the order entered by the trial court left that portion of the order blank. Paragraph 7 of the copy of the order which the former wife attached to her motion for rehearing provides: "The former husband shall pay the sum of $______ as and for a contribution towards the former wife's attorney's fees. The former husband shall satisfy said obligation by making payments of $______ on the 1st day of each month commencing December 1, 2003 until said sum is satisfied in full." This order states that it was entered on November 12, 2003, but is not physically signed by the trial court. In this appeal, however, the former wife has submitted to this court a copy of the November 12th order which clearly indicates that the trial court awarded attorney's fees to the wife in the amount of $250.00, ordering the former husband to pay $50.00 per month starting December 1, 2003. Moreover, this order is signed by the trial court and recorded in Official Record Book 11486, Pages 1510-1511, of the Duval County Circuit Court.
[2] The Duval Circuit Court denied the Motion for Ruling on April 8, 2005.
[3] As indicated in footnote 1 of this opinion, the former wife also argued in her motion for rehearing that the trial court had failed to rule on her request for attorney's fees. However, as the record before us indicates, the former wife erroneously believed that the trial court had not addressed the attorney's fees. As such, because the trial court had actually awarded the former wife attorney's fees as requested, this argument was also moot.