TORPY, J.,
dissenting.
Appellee and the majority acknowledge that Appellee’s lien rights attach only to that portion of the recovery that represents recovered expenses for medical goods and services. This is because federal law only permits the states to assert a lien to this extent. Ark. Dep’t of Health & Human Seros, v. Ahlborn, 547 U.S. 268, 292, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006). Consistent with federal law, Florida’s statutes only permit the Agency for Health Care Administration[2] to assert its lien rights to “third-party benefits,” a phrase of art defined by the statute as including the component of any recovery attributable only to medical expenses. § 409.910(1), (5), (6), Fla. Stat. (2007); see § 409.901(4), (27) (defining “Benefit” and “Third-party benefit”). Appellee also concedes that had the recovery here been the product of a special interrogatory verdict wherein the jury found that total medical expenses were $122,783.87, reduced by a percentage attributable to the ward’s comparative negligence, then Appellee’s lien necessarily would be reduced by the same percentage.
In a case like this one, where the parties settle the dispute short of trial, Appellee and the majority take divergent paths to the same ending place. Appellee takes the view that apportionment is unnecessary. The majority acknowledges that “a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses,” but holds that Appellant did not make that showing here. I disagree with both views but only address the view expressed by the majority-
Appellant contends that, due to comparative negligence or other potential defenses, she recovered one-half or less of the *593 actual value of her case. Therefore, she contends, Appellee’s lien should be reduced by the same percentage, just as if the case had gone to trial with the same resulting recovery. The circuit judge refused to consider Appellant’s evidence or methodology. Instead, he denied Appellant’s request “finding that Arkansas Department of Health and Human Services v. Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006) does not govern Section 409.910, Florida Statutes.... ”
The majority denies this appeal for two reasons, neither of which was argued by Appellee here or below. By doing so, the majority misapplies the “tipsy coachman” rule by justifying affirmance on grounds to which Appellant never had the opportunity to respond. E.K. v. Dep’t of Children & Family Servs., 948 So.2d 54, 57 (Fla. 3d DCA 2007).
The first reason is based on the majority’s assumption that Appellant’s actual medical expenses exceeded the amount expended by Appellee, which the majority concludes is the only reasonable assumption. This was not the reason relied upon by the trial judge and was not raised by Appellee here or below because, I assume, it has no basis in fact. Even when the suggestion was raised at oral argument, Appellee made no attempt to credit the assumption after it was flatly repudiated by counsel for Appellant. The fact is that, even had Appellant incurred bills for medical services in excess of the sums paid by Medicaid, Appellant’s recovery would have been limited to this amount because the medical service providers accept Medicaid reimbursement in full satisfaction of all claims. See Thyssenkrupp Elevator Corp. v. Lasky, 868 So.2d 547, 549 (Fla. 4th DCA 2003). Thus, there is no reason to assume that Appellant’s compensable expenses exceeded the amount paid by Medicaid. This illustrates a major problem with using the “tipsy coachman” rule to affirm a judgment on a basis not argued. Had Appellee argued this point, Appellant might have sought to supplement the record here with additional information, such as interrogatory answers or depositions not included in the limited record we have. Further, had Appellee argued the point below, Appellant might have sought to proffer additional evidence or continue the hearing until evidence could be obtained. Instead, we are left to speculate.[3]
In denying the appeal on this basis, the majority has also misallocated the burden of proof. By statute, Appellee’s lien only attached to the “third-party benefits,” a defined phrase meaning the amount recovered for medical goods and services. There may be a difference between the amount of Appellee’s claim and the amount of its lien, because the amount of third-party benefits recovered for the claim may be smaller than the claim. It should have been Appellee’s burden to establish the amount of the lien just as any other lienor bears the burden to prove the validity and amount of its hen.
The second basis offered by the majority for rejecting this appeal is akin to a preservation argument. Without even a suggestion by Appellee that Appellant failed to preserve this issue, the majority opines that Appellant made too narrow a legal *594 argument premised upon her “misreading of Ahlborn.” This conclusion is based solely on a statement made by Appellant in her motion wherein she asserts that, “pursuant to” Ahlborn, Appellee’s Medicaid “lien is subject to a percentage reduction in the same ratio as the settlement bears to actual damages.” The majority calls this a misreading of Ahlbom because, says the majority, Ahlborn does not “mandate” the use of this method, which, in Ahlbom, was the method agreed to by the parties. I do not read the motion to suggest that Ahlborn “mandates” (a word chosen by the majority, not Appellant) this method. Even if it did, the fact remains that this is a valid method of arriving at the answer— an answer that is compelled by federal law, Florida Statutes and Ahlbom. The statute does not provide, nor purport to provide, a method for determining the amount of “third-party benefits;” it only places a cap on the total lien amount. Appellee did not advance an alternative method below or on appeal, and the majority suggests no other method. Nor does the majority hold that the method proffered by Appellant is wrong.
There is no other method for solving this problem. That might be why the parties in Ahlbom used it there. This case was settled short of a jury trial. Appellant and the tortfeasors agreed in affidavits filed with the court that Appellant compromised her claim, the value of which would have been between $5,000,000 and $7,500,000, but for the application of comparative negligence or other defenses. Had the jury reached this same conclusion and reduced the award due to comparative negligence, it would have reduced all damage elements by the same percentage. The trial judge is no less equipped to make this determination than a jury, and should apply the same methodology. See Ahl-bom, 547 U.S. at 288, 126 S.Ct. 1752 (settlement manipulation to avoid lien can be avoided by “submitting the matter to a court for decision”). To have the trial judge make this determination is all that Appellant sought. Appellant advanced a valid method for doing it. Whether the method is mandated by Ahlbom or not does not seem to make much difference. The point is that the trial judge should have made the determination when asked. I do not think Appellant is precluded from seeking this relief from us simply because she might have overstated the holding in a case, and I know of no precedent that supports this view.
I would reverse.

. This is the agency tasked with enforcing the Medicaid Third-Party Liability Act, section 409.910, Florida Statutes.

. Here, the majority relies upon a failure to negate a fact-that no compensable medical expenses were incurred beyond the $122,783.87. In a case such as this it is easy for me to see why a plaintiff would not offer this testimony. Medicaid had paid all the bills and had all the records. Discovery had been exchanged. If it was an issue, I assume someone would have raised it before today. This doctrine should not be applied unless the record is clear on a point one way or the other. See Porter v. Porter, 913 So.2d 691 (Fla. 3d DCA 2005).