PER CURIAM.
Appellant challenges an order that transferred venue of her supplemental petition to modify a child custody order. Because venue was proper where Appellant filed the petition and no showing was made that another proper venue was more convenient, we reverse.
*657 In September 2007, the Collier County-Circuit Court entered a Final Judgment of Paternity and Related Relief based upon an agreement between Appellant and Ap-pellee concerning their minor child. It acknowledged that Appellant had relocated from Naples to Orlando, but ordered her not to relocate further north without prior written approval from Appellee or by order of the court.
In January 2009, Appellant filed the instant petition to relocate in the Seminole County Circuit Court, stating that she and the minor child had lived in Seminole County since August 2007. She requested a modification of the final judgment to allow her to move to Valdosta, Georgia with the minor child. Appellee moved to transfer venue to Collier County, asserting that venue in Seminole County was not proper. After hearing arguments, the court granted Appellee’s motion. It concluded that while venue was proper in either county, venue in Collier County was “more proper” because “of the prior order, [and] also because that’s where [Appel-lee]’s going to be. That’s where the case should have been filed.”
On appeal, Appellant asserts that venue was proper in Seminole County and that no showing was made to support transfer based on the convenience of the parties. We agree. Section 61.13(2)(d), Florida Statutes (2009), authorizes two potential venues: “The circuit court in the county in which either parent and the child reside or the circuit court in which the original order approving or creating the parenting plan was entered may modify the parenting plan.... ” Where venue is proper in more than one county, the petitioner has the right to select one of the appropriate counties and it is improper to transfer the action to another venue solely because venue is appropriate there as well. Guntner v. Jennings, 980 So.2d 1185, 1187 (Fla. 5th DCA 2008). Rather, section 61.13(2)(d) provides that the court may change the venue in accordance with section 47.122, Florida Statutes. That section allows a trial court to transfer an action to any other court in which it could have originally been brought for the convenience of the parties or witnesses, or in the interest of justice. § 47.122, Fla. Stat. (2009). The party seeking the transfer bears the burden of showing substantial inconvenience or undue expense to establish a basis for the transfer. Vero v. Vero, 659 So.2d 1348, 1349 (Fla. 5th DCA 1995).
Here, Appellee did not file affidavits or offer evidence to meet his burden. Instead, counsel made a woefully insufficient assertion that “any witnesses that [Appel-lee] might call are located in Collier County.”
REVERSED and REMANDED.
GRIFFIN, ORFINGER and TORPY, JJ., concur.