FERNANDEZ, J.
Diosmary Ozuna appeals the trial court’s order that granted appellee Jabaal Sheard’s motion to transfer venue to Bro-ward County and the denial of her motion for rehearing in which she argued that venue was proper in Miami-Dade County where she initially obtained a Final Administrative Support Order and filed her Verified Petition for Establishment of Parenting Plan and for Modification of Child Support. We agree and reverse.
An Administrative Law Judge in Miami-Dade County, where the Department of Revenue filed its administrative action to establish child support, issued its Final Administrative Support Order in which the court adjudged Sheard to be the biological father and non-custodial parent of the parties’ minor child; that paternity was legally established by an affidavit or voluntary acknowledgement; that the mother was the custodial parent; and that the minor child primarily resided with the mother. The Order also required the father to pay $243 per month in child support, to pay twenty dollars per month towards child support arrearages of $2230, and to maintain health insurance for the minor child.
At the time of the entry of the Order, the mother resided in Miami-Dade Coun *1178 ty. The parties currently reside in Bro-ward County.
The mother filed her Verified Petition for Establishment of Parenting Plan and for Modification of Child Support in Miami-Dade County. She sought an upward modification of child support. She also moved to establish parental responsibility, and a time-sharing and parenting plan.
The father moved to transfer the case to Broward County, pursuant to section 742.021, Florida Statutes (2012), which provides that proceedings for the determination of parentage “must be in the circuit court of the county where the plaintiff resides or the county where the defendant resides.” The father acknowledged in his motion that a Final Administrative Support Order issued and that it provided that paternity had already been established by affidavit or voluntary acknowledgment.
The father further argued in his motion to transfer that section 409.2563, Florida Statutes (2012), does not confer jurisdiction upon the Division of Administrative Hearings to hear or determine issues of time sharing, such as the issue the mother raised in her petition. Section 409.2563 merely provides that a parent may at any time file an action in a circuit that has jurisdiction and proper venue. It also provides that an order entered by the circuit court would supersede any order entered by the Division of Administrative Hearings to hear or determine issues of time sharing.
In its order that granted the father’s motion to transfer, the trial court did not set forth any reasons or grounds upon which it relied to transfer the case for improper venue. The court’s order simply grants the father’s motion. Neither did the court state any reasons nor grounds to support its decision during the hearing on the father’s motion.
The father’s contentions, however, are entirely misplaced insofar as they are applied to preclude Miami-Dade County as a proper forum. The abuse of discretion standard governs the review of an order which transfers venue. See Dive Bimini, Inc. v. Roberts, 745 So.2d 482, 483 (Fla. 1st DCA 1999). The venue a party chooses is presumptively correct, and the burden lies on the party who seeks a change of venue to demonstrate the impropriety of the venue selection. See Foti v. Camejo, 812 So.2d 507, 508 (Fla. 3d DCA 2002).
Miami-Dade County is a proper venue for the mother’s petition where, as here, Miami-Dade County had continuing jurisdiction to modify the amount of child support. Section 61.14(a), Florida Statutes (2012), specifically permits a child support modification action to be filed in the county within which the court entered a child support order. Section 61.14(l)(a), provides, in pertinent part:
When the parties enter into an agreement, for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary or an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the *1179 amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order,
(emphasis added). Miami-Dade County is the forum within which the court entered the original child support order. See § 409.2563(9)(d), Fla. Stat. (2012) (stating administrative support order has same force and effect as a court order). Thus, Miami-Dade County is a proper venue for the mother’s child support modification action.
Miami-Dade County is also a proper venue pursuant to section 409.2563(10)(c), Florida Statutes (2012). That section provides, in pertinent part, that a parent may at any time file an action in a circuit court that has jurisdiction of the parties and proper venue, and that a circuit court order supersedes any administrative support order. Because Miami-Dade County is the venue within which the administrative support order issued, jurisdiction and venue properly lie in a circuit court of Miami-Dade County and any subsequent order would supersede the previously entered administrative support order. Furthermore, if a petition for modification is filed in an appropriate venue, it is improper to transfer it to another venue solely because venue is appropriate there as well. Washington v. Washington, 613 So.2d 594, 595 (Fla. 5th DCA 1993).
The father’s argument that venue must be based on section 742.021, Florida Statutes (2012), is misplaced. He is correct that this section provides that paternity proceedings “must be in the circuit court of the county where the plaintiff resides or the county where the defendant resides.” However, paternity is not an issue in this case because the father previously acknowledged paternity and the administrative support order established it.
We thus conclude that the mother correctly filed her petition in Miami-Dade County, and the trial court abused its discretion when it granted the father’s motion to transfer venue to Broward County. Therefore, we reverse and remand with instructions to the trial court to proceed with the mother’s Verified Petition for Establishment of Parenting Plan and for Modification of Child Support.
Reversed and remanded with instructions.