IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AHG TAX CREDIT FUND XVIII, LLC,
ET AL.,

      Appellants,

v.                         Case No.  5D15-3163

BLITCHTON STATION, LTD., ET AL.,

      Appellees.

_____/

Opinion filed March 24, 2016

Non-Final Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Stacy D. Blank, Jason H. Baruch and
Patrick M. Chidnese, of Holland & Knight,
Tampa, for Appellants.

Ian C. White and Anthony L. Bajoczky, Jr.,
of Ausley McMullen, Tallahassee, for
Appellees.

COHEN, J.

      AHG Tax Credit Fund XVIII, LLC, et al., appeal the trial court's nonfinal order

denying their motion to transfer venue under section 47.122, Florida Statutes (2015).

Appellants argue that their motion to transfer should have been granted to consolidate

this suit with ongoing litigation in Alachua County. Finding no abuse of discretion in the

trial court's decision to deny the motion, we affirm.

This dispute arose from the failure of several partnerships formed to develop and manage low-income housing in Marion County, Florida. Appellants are the limited investor partners, the ("Investor Partners"), who moved to transfer to Alachua County. Appellees are the various partnerships themselves, the ("Partnerships"), which sued Appellants in Marion County for breach of the partnership agreements. The partnership agreements required the managing partner and the developer to construct and manage the day-to-day operations of the housing developments. These agreements also required the Investor Partners to make capital contributions to the Partnerships as the managing partners and developers met certain performance criteria. A portion of these capital contributions was to go toward paying the developer fees.[1]

The Alachua County litigation, which the Investor Partners seek to join, is based on an alleged violation of a loan agreement for these projects executed by the developer, John Curtis, now deceased, and Wachovia Bank, N.A., now Wells Fargo, to finance the development of the housing projects. Curtis pledged the developer fees he would receive from the Partnerships as collateral for the loan. Curtis also executed a reimbursement agreement with the Partnerships authorizing them to pay Curtis's developer fees directly to Wells Fargo, subject to the terms of the partnership agreements.

---

[1] In their complaint, the Partnerships allege that the Investor Partners failed to make the required capital contributions as they became due under the partnership agreements. They also seek a declaratory judgment as to whether the Investor Partners are entitled to reduce any required capital contributions by the amount owed to Wells Fargo, N.A. ("Wells Fargo"), the bank funding the project, for the developer fees.

In May 2013, Wells Fargo sued Curtis, his wife, the Partnerships, TKG Development, LLC, and TKG Properties, LLC,[2] in Marion County alleging breach of the loan agreement by Curtis. Wells Fargo also sought a declaratory judgment that, among other things, it had a senior security interest in Curtis's developer fees and that the Investor Partners should pay the developer fees to Wells Fargo directly. That action was transferred from Marion County to Alachua County, on agreement between the defendants and Wells Fargo, where it remains pending.[3]

The issue in this appeal is whether these two actions, based on separate agreements and involving different parties, should be consolidated to avoid possibly inconsistent verdicts and conserve judicial resources. Section 47.122 allows a trial court to transfer a civil action to any venue where the action might have originally been brought "[f]or the convenience of the parties or witnesses or in the interest of justice." Where, as here, venue is proper in more than one county, a plaintiff's choice of venue will not be set aside without a showing of substantial inconvenience to the parties or

---

[2] TKG Development, LLC, was the co-developer for three of the Partnerships while TKG Properties was a general partner in one of the Partnerships. Curtis's wife was also on the loan as a guarantor.

[3] The Investor Partners argue that the Partnerships should be estopped from opposing transfer of this action to Alachua County since they moved to transfer the first action to Alachua County. Yet when the Partnerships sought transfer in the Alachua County litigation, they argued that Alachua County was the only proper venue for that action under sections 47.061 and 47.011, Florida Statutes (2015), because the claim was based on a promissory note signed in Alachua County, and the defendants all resided or had their principal places of business in Alachua County. The Partnerships' argument at that time was based on propriety of the venue rather than convenience, so there is nothing inconsistent in arguing, in this action, that venue is convenient in Marion County when it is statutorily proper. Moreover, the parties are not the same and the issues are distinct—mutuality of parties and issues are prerequisites for estoppel. See Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) (quoting Chase & Co. v. Little, 156 So. 609, 610 (Fla. 1934)).

witnesses, or that justice requires transfer. <u>Resor v. Welling</u>, 44 So. 3d 656, 657 (Fla. 5th DCA 2010). The party seeking transfer carries the burden of establishing that the transfer is required. <u>See</u> <u>Hall v. Animals.com, LLC</u>, 171 So. 3d 216, 218 (Fla. 5th DCA 2015) (quoting <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Bank of Melbourne & Trust Co.</u>, 238 So. 2d 665, 667 (Fla. 4th DCA 1970)). When venue is statutorily proper in both counties, we review the trial court's decision to grant or deny a transfer for an abuse of discretion. <u>McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.</u>, 39 So. 3d 504, 508 (Fla. 4th DCA 2010) (citing <u>PricewaterhouseCoopers, LLP v. Cedar Res., Inc.</u>, 761 So. 2d 1131, 1133 (Fla. 2d DCA 1999)).

The Investor Partners argue that this cause should be transferred to Alachua County in the interest of justice. They point out that the plaintiffs in both actions seek declarations as to whether the developer fees are to be paid to the Partnerships or directly to Wells Fargo. They also reference a reimbursement agreement between the Partnerships and Curtis whereby the Partnerships pledged to earmark the capital contributions from the Investor Partners to pay Curtis's developer fees directly to Wells Fargo. The Investor Partners conclude from this evidence that their obligations to pay fees—to whom and in what amount—will be a substantial issue in both cases, leading, at a minimum, to a waste of judicial resources and, potentially, to inconsistent verdicts.

We do not find this argument convincing. First, the Investor Partners' argument ignores the gravamen of the two actions. The Alachua County litigation focuses on Curtis's personal obligations to Wells Fargo and is based on the loan agreement and promissory note while this action considers the Investor Partners' obligations to the Partnerships and is based on the partnership agreements. The Partnerships' complaint

4

in this case alleges the Investor Partners failed to make payments in violation of the partnership agreements while the Investor Partners' answer asserts defenses based on the Partnerships' failure to perform conditions precedent to the Investor Partners' obligations.

The Alachua County litigation is a relatively simple matter seeking judgment on an outstanding debt and involving comparatively minimal judicial resources. The Marion County litigation, however, will focus on interpreting a complex partnership agreement and determining the Investor Partners' and the Partnerships' contractual obligations and potential breach of the contract. Far from saving judicial resources, transferring this case to Alachua County would likely complicate that litigation needlessly.

Second, there is no risk of inconsistent verdicts because the Partnerships will not be entitled to keep the developer fees that Curtis earned under any interpretation of the various agreements. The Partnerships have no right to the developer fees, which must either be paid to Wells Fargo directly or to the Partnerships and then to Curtis or Wells Fargo. In the Alachua County litigation, liability for the developer fees is assumed, and the only question is whether Curtis defaulted on his loan and is obligated to pay those fees directly to Wells Fargo. If Wells Fargo succeeds in obtaining a declaratory judgment that Curtis's developer fees must be paid directly to it, Wells Fargo will still need to await a determination of the amount of fees Curtis was entitled to before it will be able to enforce the judgment.[4]

---

[4] The Investor Partners urge us to treat the Partnerships and Curtis as one and the same, arguing that Curtis is hiding behind the Partnerships to avoid paying his obligations to Wells Fargo. Yet Florida law does not allow us to disregard the distinctions between separate legal entities absent a showing of improper conduct. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1121 (Fla. 1984) (reaffirming that

Finally, we note that the Investor Partners have provided no affidavits, witness lists, or other evidence that establish any need to transfer this action to Alachua County. They merely presume that the actions should be consolidated—despite a previous ruling in Alachua County that the Investor Partners are not a necessary party to that litigation—and assert that there would be increased judicial economy and conservation of resources. Since the Investor Partners have not demonstrated how consolidation would actually simplify issues and save resources, nor how separate proceedings would expose them to inconsistent obligations, we find that the trial court did not abuse its discretion in denying the Investor Partners' motion to transfer.

AFFIRMED.

SAWAYA and EDWARDS, JJ., concur.

---

under Florida law the corporate veil will "not be pierced absent a showing of improper conduct"). The record suggests only that this was a business deal gone wrong. Thus, there is no reason to disregard the separate legal status of the Partnerships and Curtis to force the Partnerships to litigate alongside Curtis.