# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2275
LT Case No. 2022-15458-CODL

_____

MRI ASSOCIATES OF BRANDON,
LLC a/a/o Julia Stuart,

      Appellant,

      v.

GEICO GENERAL INSURANCE
COMPANY,

      Appellee.

_____

On appeal from the County Court for Volusia County.
Rachel D. Myers, Judge.

Chad A. Barr, of Chad Barr Law, Altamonte Springs, for
Appellant.

Kristen L. Wenger, Drew Krieger, and Rebecca Morrison of
Smith, Gambrell & Russell, LLP, Jacksonville, for Appellee.

April 12, 2024

KILBANE, J.

Appellant MRI Associates of Brandon, LLC, as assignee of
Julia Stuart ("MRI"), appeals the order of the Volusia County
Court granting Appellee GEICO General Insurance Company's
("GEICO") motion to transfer venue to Hillsborough County under

section 47.122, Florida Statutes (2022), the *forum non conveniens* statute. We reverse.

## Facts

MRI sued GEICO in Volusia County Court for amounts due for services provided to Julia Stuart, a GEICO insured, stemming from an automobile accident. GEICO filed a motion to transfer venue to Hillsborough County as the more convenient forum. GEICO submitted documents and an affidavit stating that Ms. Stuart resided in Hillsborough County, the accident and MRI's services occurred in Hillsborough County, and potential witnesses (including individuals involved in the accident, witnesses to the accident, first responders, and MRI's employees) were located either in Hillsborough County or outside of Volusia County.

MRI countered with an affidavit stating that GEICO had made partial payment and the dispute centered solely on whether GEICO applied the correct reimbursement formula in disallowing the remaining balance of MRI's claim. GEICO concedes that it made the partial payment on MRI's claim and does not assert that it is disputing the validity of the claim itself.

## Analysis

Section 47.122, Florida Statutes, prescribes, "[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." The parties acknowledge that venue is proper in both Volusia and Hillsborough Counties.[1] However, in applying section 47.122, a plaintiff's choice of venue is "presumptively correct," and GEICO had the burden of proof in establishing a basis for transfer under section 47.122. *See At Home Auto Glass, LLC v. Mendota Ins. Co.*, 345 So. 3d 392, 394 (Fla. 5th DCA 2022) (first citing *Eggers v.*

---

[1] GEICO is a foreign corporation and has "agents or representatives" in both counties. Thus, venue is proper in either county under section 47.051.

*Eggers*, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001); and then citing *Vero v. Vero*, 659 So. 2d 1348, 1349 (Fla. 5th DCA 1995)).

Where venue is proper in more than one county, "a plaintiff's choice of venue will not be set aside without a showing of substantial inconvenience to the parties or witnesses, or that justice requires transfer." *AHG Tax Credit Fund XVIII, LLC v. Blitchton Station, LLC*, 200 So. 3d 117, 119 (Fla. 5th DCA 2016) (citing *Resor v. Welling*, 44 So. 3d 656, 657 (Fla. 5th DCA 2010)). Decisions granting or denying such transfer are reviewed for abuse of discretion. *Id*. (citing *McDaniel Rsrv. Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 508 (Fla. 4th DCA 2010)).

A party seeking a change of venue under section 47.122 must "submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice." *At Home Auto Glass*, 345 So. 3d at 394 (quoting *Hall v. Animals.com, L.L.C.*, 171 So. 3d 216, 218 (Fla. 5th DCA 2015)). "[T]he court must know who the witnesses are and the significance of their testimony" in order to determine whether such testimony is material. *Hu v. Crockett*, 426 So. 2d 1275, 1279 (Fla. 1st DCA 1983).

Here, GEICO's affiant listed categories of witnesses purportedly located either in Hillsborough County or outside of Volusia County. Yet, GEICO failed to explain the significance or materiality of those witnesses' testimony to a dispute that, as GEICO implicitly concedes, is limited to merely determining whether GEICO correctly applied the reimbursement rate in paying MRI's claim. GEICO is not challenging the claim itself. Hence, we can perceive no significance or materiality of testimony that might be elicited from participants in the accident, witnesses to the accident, first responders, or MRI employees who administered medical services to Ms. Stuart, which encompasses each and every potential witness listed by GEICO.[2]

---

[2] On appeal, GEICO does not offer any independent argument that "the interest of justice" requires transfer; instead, it merely includes that phrase in asserting its argument that transfer is warranted "for the convenience of the parties or witnesses."

## Conclusion

Accordingly, the trial court abused its discretion in granting GEICO's motion to transfer. The order transferring venue is reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED

HARRIS, J., concurs.
MAKAR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., dissenting.

Affirmance under the abuse of discretion standard is warranted in this case, which was transferred from Volusia County to Hillsborough County where the auto accident occurred, where the insured motorist received medical treatment, and where all material witnesses resided. It is unclear whether only a legal issue and no factual issues will be litigated in the matter; no answer had been filed and discovery was just beginning. The epicenter of litigation appears more likely to be in Hillsborough County, making transfer beneficial and convenient for (almost) all involved. The insurer's principal place of business is in Volusia County, which makes initial venue proper, but it does not foreclose transfer when the filing of these types of lawsuits in Volusia County appears to be predominantly for the convenience of the insurer's legal counsel, despite all other evidence and witnesses being in Hillsborough County.